SCOTT v. STOCKHOLDERS' OIL CO. et al.

(Circuit Court, E. D. Pennsylvania.   January 2, 1906.)

No. 1.

ABATEMENT AND REVIVAL—DISSOLUTION OF CORPORATION DEFENDANT.

Act Del. March 10, 1899 (21 Del. Laws, p. 456, c. 273) § 36, relating to corporations, which provides that all corporations, whether they expire by limitation or are otherwise dissolved, shall be continued for the term of three years from such expiration or dissolution for the purpose of prosecuting and defending suits by or against them, etc., applies to all suits by or against Delaware corporations wherever brought, and the dissolution of such a corporation does not abate a suit pending against it in another jurisdiction.

[Ed. Note.—For cases in point, see vol. 1, Cent. Dig. Abatement and Revival, §§ 194–204.]

In Equity.   On exceptions to master's report and motion to abate suit.

Samuel J. Houston and Lawrence W. Baxter, for complainant.
Wm. J. Wagenknight, for defendants and Theodore J. Dumble.
Stern & Wolf, for Howard George.

J. B. McPHERSON, District Judge.   I agree with the master that Theodore J. Dumble did not offer a satisfactory excuse for his failure to produce the books and other papers referred to in the former order of the court.   Howard George did, I think, explain sufficiently his failure to produce them, and his exceptions must therefore be sustained. I do not wish to be harsh with Mr. Dumble, and I shall therefore give him another opportunity to obey the order of the court.   Accordingly, it is ordered that he produce the books and other papers of the Stockholders' Oil Company and of the Dumble Development Company before the master on or before February 1, 1906, and in default thereof that an attachment for contempt be issued by the clerk of the Circuit Court.

The motion to abate the suit is made upon the ground that both the defendant corporations were dissolved on January 9, 1905, by a proclamation of the Governor of Delaware for nonpayment of taxes.   It is needless to inquire what force the fact of dissolution might have, if the defendants were corporations of this state.   They are Delaware corporations, however, and section 36 of an act of that state, passed on March 10, 1899 (21 Del. Laws, p. 456, c. 273), expressly provides:

"All corporations, whether they expire by their own limitation, or are otherwise dissolved, shall nevertheless be continued for the term of three years from such expiration or dissolution bodies corporate for the purpose of prosecuting and defending suits by or against them, and of enabling them gradually to settle and close their business, to dispose of and convey their property, and to divide their capital stock, but not for the purpose of continuing the business for which said corporation shall have been established."

This section is not confined to suits brought against them in the state of their origin, but is general in its terms, and applies to all suits by or against them, wheresoever brought or defended.

The motion to abate is therefore refused.