### No. 8770.
### Orleans Appeal.

---

### LITTLE PLAYERS FILM CO. v. HARCOL FILM CO., Appellant.

---

(January 5, 1925, Opinion and Decree.)
(January 19, 1925, Rehearing Refused.)
(February 6, 1925, Decree of Supreme Court Writ of Certiorari and Review Refused.)

---

*(Syllabus by the Court.)*

1. **Louisiana Digest, Conflict of Laws—Par. 4.**
The capacity of a plaintiff to sue is governed by the law of his domicile.
2. **Louisiana Digest, Mortgages—Par. 11; Bills & Notes—Par. 41, 124.**
Taking a note in payment of a pre-existing debt constitutes a holder in due course, it being sufficient consideration

Appeal from Civil District Court, Hon. Wynne G. Rogers, Judge.

This is a suit upon a promissory note. Judgment for plaintiff and defendant appealed.

Judgment affirmed.

Dart, Kernan & Dart, Leo L. Duburg, attorneys for plaintiff and appellee.

H. W. Robinson, attorney for defendant and appellant.

CLAIBORNE, J. This is a suit upon a promissory note. It was filed October 26, 1921.

The plaintiff, a corporation domiciled in Illinois, alleges that it is the holder and owner of a promissory note for $466.67,

dated February 20, 1921, payable ninety days after date to the order of the Wholesome Film Co. and by it endorsed to the order of plaintiff.

The defendant denied all the allegations of the petition and averred that on February 3, 1921, it made a contract with the Wholesome Films Co. for the exclusive right to show certain picture-films in Louisiana, by which defendant was to receive from said company three films, for which defendant agreed to pay $2,250 if printed on non-inflammable films; that defendant paid on account of the price $1,000 cash, and for the balance made three notes each for $466.67, maturing 30, 60, and 90 days, payable to the Wholesome Films Co.; that the said Wholesome Films Co. never delivered said films according to contract, but delivered only one film on non-inflammable film, which was neither tinted nor toned nor of the length contracted for, and subsequently said Wholesome Films Co. admitted its fault and agreed to return all of said notes, which it failed to do; that the plaintiff did not acquire the note sued on before maturity for a legal consideration, but, on the contrary, that the plaintiff herein has been absorbed by the Wholesome Films Co. and that it has no distinctive corporate entity. The defendant therefore pleads want of consideration and prayed that plaintiff's demand be rejected.

The defendant issued interrogatories to the plaintiff by which, when answered, it appeared that the plaintiff corporation had been dissolved on February 2, 1920, and that it does not transact business; that it acquired the note sued on, on March 5, 1921, in the manner following; that the Wholesome Films Co. was indebted to plaintiff, the Little Players Film Co., on two promissory notes of $500 each, with interest, due September 15 and October 15, 1919; that said Wholesome Films Co. turned over to the plaintiff in payment of

the note due September 15, 1919, a check for $50.67 and the note of $466.67 sued on; the plaintiff company was not absorbed by the Wholesome Films Co. and had no other business with it except that mentioned above.

Upon filing these answers to the interrogatories, the defendant filed an excepiton to the capacity of plaintiff to stand in judgment on the ground that it was a dissolved corporation and that no liquidator or receiver was made a party plaintiff.

There was judgment for plaintiff and defendant has appealed.

The defendant resists plaintiff's demand on two grounds:

1st. That the plaintiff has no capacity to stand in judgment.

The capacity of the plaintiff to sue must be governed by the laws of Illinois, its domicile. In Williams vs. Pope Manufacturing Co., 52 La. Ann. 1417, 27 South. 851, a married woman domiciled in Mississippi and capacitated under the laws of that state to institute suit and stand in judgment in that state was adjudged to have like capacity to sue in her own name in the courts of Louisiana.

See also 128 Fed. 332, 142 Fed. 287.

The General Corporation Act of Illinois, Sec. 14, provides:

"All corporations organized under the laws of this State, whose powers may have expired by limitation or otherwise, shall continue their corporate capacity for two years for the purpose only of collecting debts due such corporation, and selling and conveying the property and effects thereof. Such corporation shall use their respective names for such purposes and shall be capable of prosecuting and defending all suits at law or in equity."

"The statute limits the institution of suits to two years, but does not prevent the prosecution of suits beyond that time."

Hale on Corporations in Illinois, Sec. 314, 176 Ill. 48, 242 Ill. 50, 10 Cyc. 1324.

The act of the corporation in taking the note sued on in payment of a note due to it did not constitute doing business, but on the contrary it was a collection. 8 Fletcher Cyc. Corporations, p. 9177, Sec. 5572.

2nd. The second ground is that taking a note in payment of a debt does not constitute a holder in due course.

In Hammond State Bank vs. Perrin, No. 8695, we had occasion to examine that question under the Negotiable Instrument Act, Sec. 52 of Act 64 of 1904, p. 155. That act did not purport to change the prior jurisprudence on the subject, but only to establish what the law was. In that case we said:

"It is not necessary in order to be a holder in due course, that one should have acquired the instrument 'as owner'; any holder having advanced money on the faith of the instrument as purchaser, pledgee, or creditor, or who has otherwise acquired rights to or upon the instrument is a holder in due course."

We have no doubt that the plaintiff who parted with a valuable note and took in payment of it the note sued on is a holder in due course within the meaning of the act. Brannan's Neg. Inst. Law, p. 54, 105 Tenn. 521; O'Keefe vs. Handy, 31 La. Ann. 832; Flower vs. Noble, 38 La. Ann. 939.

Judgment affirmed.