Nelson G. Rodgers *v.* The Adriatic Fire Insurance Company.

In re Petition of Arianna E. Scammon, as Executrix, etc., Appellant, *v.* The Metropolitan Trust Company, as Receiver, etc., Respondent.

Dissolved Domestic Corporation — Foreign Judgment — Comity between States. While a statute of another state, continuing dissolved insurance and other corporations for a certain period for the purpose of prosecuting suits by or against them, may render valid and effective a judgment obtained in such state against a corporation of this state after its dissolution here, so far as its property within such other state where it had been doing business is concerned, this state is not required by comity, and will not, give to such foreign judgment the effect of reaching the corporate assets held by a receiver in this state as a fund for distribution, after the dissolution of the corporation here, when the receiver has not been made a party to the foreign suit so as to be bound by the judgment therein.

Reported below, 87 Hun, 384.

(Argued December 9, 1895; decided December 19, 1895.)

Appeal from order of the General Term of the Supreme Court in the first judicial department, made June 14, 1895, which affirmed an order of the Special Term denying a motion made by the petitioner herein.

The nature of the motion and the facts relating thereto are stated in the opinion.

*Charles B. Alexander* for appellant. The judgments entered in favor of petitioner's testator were valid under the laws of Illinois, notwithstanding the previous dissolution of the corporation. (Illinois Laws of 1869, p. 1; R. S. of Illinois, 331, §§ 10, 11, 12, 26; R. S. of Illinois, 619; Illinois Laws of 1871, 302, § 26.) The legislature of Illinois had power not only to preserve the right to take judgment against its own corporations after dissolution, but also against foreign corporations transacting business within the state or coming within the jurisdiction of its courts for purposes of litigation.

(*McCulloch* v. *Norwood*, 58 N. Y. 562; *In re Norwood*, 32 Hun, 197; *Sturges* v. *Vanderbilt*, 73 N. Y. 384; *Platt* v. *Ashman*, 32 Hun, 230; Morawetz on P. Corp. §§ 1036, 1037; *Gold* v. *Clyne*, 58 Hun, 419; *Martine* v. *I. L. Ins. Co.*, 53 N. Y. 339; *L. Assn.* v. *Fassett*, 102 Ill. 222; *Claflin* v. *Dunne*, 129 Ill. 241.) If the judgment was regular and valid under the Illinois statutes it is valid in the state of New York. (*Renaud* v. *Abbott*, 116 U. S. 277; *Claflin* v. *Dunne*, 129 Ill. 241.) The judgment is in fact, though not in form, a judgment against the fund in the hands of the receiver and against the receiver as its custodian. (*People* v. *K. L. Ins. Co.*, 43 Hun, 574; 106 N. Y. 619; *Jay* v. *De Groot*, 2 Hun, 205; *Castle* v. *Noyes*, 14 N. Y. 329; 106 N. Y. 623.) The failure of the petitioner's testator to present his claims on the reference to take and state the account of the receiver does not impair petitioner's rights. (*People ex rel.* v. *S. L. Ins. Co.*, 79 N. Y. 267.) The fund in the hand of the trust company being a part of the assets of the insurance company, held by it both as the executor of Seaver and receiver of the company, the trust company would be liable to the creditors of the insurance company. (*Bartlett* v. *Drew*, 57 N. Y. 589.)

*Oliver P. Buel* for respondent. By the judgment of the Supreme Court of this State August 6, 1883, dissolving the Adriatic Fire Insurance Company, that corporation ceased to exist, and all suits pending against it, including the suits brought by Scammon, in Illinois, abated. No valid judgment could thereafter be rendered against it, and the alleged judgments in 1889 are null and void. (*Sturges* v. *Vanderbilt*, 73 N. Y. 384; 87 Hun, 384; *In re H. F. & M. Ins. Co.*, 45 N. Y. 310; *Grafton* v. *U. F. Co.*, 46 N. Y. S. R. 549; *Gold* v. *Clyne*, 58 Hun, 419; 2 Morawetz on Corp. § 1031.) It was contended by petitioner's counsel on the argument below, that the rule in this state does not apply in case the statutes of a foreign jurisdiction permit or provide for the continuance of a suit and the entry of judgment therein, after the dissolution of a corporation, and that by the statutes of Illinois,

the judgments entered in October, 1889, were valid judgments both in Illinois and in New York. The rule in this state admits no such qualification. If the construction contended for should prevail it would confer upon strangers suing in the courts of a foreign state a right or advantage denied to our own citizens suing in our own courts. (Story's Confl. of Laws, § 609; *Glenn* v. *Liggett*, 135 U. S. 533; *Renaud* v. *Abbott*, 116 U. S. 277; 2 Morawetz on Corp. § 1076; *Stetson* v. *C. Bank*, 2 Ohio St. 167, 174; *McGoon* v. *Scales*, 9 Wall. 31; 1 Starr & Curtiss' Annotated Stat. 1354, § 142; 1 Starr & Curtiss' Annotated Stat. 616, §§ 10, 25; *L. Assn.* v. *Fassett*, 102 Ill. 315.) The publication of notice to creditors on the dissolution of the insurance company was a notice binding all creditors. (2 R. S. § 56; Code Civ. Pro. § 1807; *In re H. F. & M. Ins. Co.*, 45 N. Y. 310; *People* v. *S. L. I. & A. Co.*, 78 N. Y. 114; *People ex rel.* v. *S. L. I. & A. Co.*, 79 N. Y. 267; Lewin on Trusts, 387; 2 Perry on Trusts [4th ed.], § 928; 1 Freeman on Judg. §§ 154, 159; 1 Greenl. on Ev. § 524; *Nelson* v. *Brown*, 144 N. Y. 384.) The sole ground of petitioner's claim is the judgments referred to, and, if they are void, her motion must fail. (Code Civ. Pro. § 405; Beach on Receivers, § 1; Angell on Lim. § 166; *Gilmore* v. *Ham*, 142 N. Y. 1; 13 Am. & Eng. Ency. of Law. 684.)

Finch, J. The motion, which has thus far been denied, and which on this appeal we are are asked to grant, is for an order requiring the defendant, as receiver of the Adriatic Fire Insurance Company, to pay from the assets in its possession a judgment against that corporation, obtained in the state of Illinois after the company had been dissolved and when it no longer existed. It was a domestic corporation, formed under our laws, and so subordinate to our authority, and in 1883 a final judgment of dissolution and appointing the defendant receiver was entered in this state. At that time the action of Scammon against the company upon two policies of insurance was pending in the state of Illinois, and by two

stipulations was dependent upon the result of a similar action against the Commercial Union Company. The first of these expired and became inoperative in 1881, and the second was made in 1886, after the dissolution, without authority of the receiver or any order of our courts preserving the action from abatement or permitting its continuance. On the contrary, when in 1887 the receiver learned that a renewal of the litigation was probable, he gave formal notice to the counsel who had represented the company that no authority from the receiver would be given them and that it would take no part in the Illinois litigation. This notice was put upon the distinct ground that by the dissolution of the company any judgment against it was impossible, and that the creditors' remedy must be pursued under the laws of this state. In accordance with their provisions the usual notice was given by publication requiring creditors to present their claims as preliminary to a final distribution of the assets of the dissolved company, but neither Scammon nor any assignee of his presented the claim upon the two policies, or made any appearance in the proceedings. Yet the receiver was quite aware of the Illinois litigation, and, while insisting that it could not bind or affect the corporate assets in this state, was, nevertheless, not blind to the possibilities of danger and the need of protection ; and so it happened that on the settlement of the accounts a sum of $17,000 was directed to be retained to meet the possible danger. That clause in the judgment confirming the report did not purport to recognize the claim as valid or waive any defense which the receiver might have, and so I think it must be that the right of the applicant to be paid out of the fund reserved rests wholly upon the validity and effective force of the Illinois judgment. As a mere claim, the Statute of Limitations, if nothing else, is an effective bar. We are compelled, therefore, to determine the force of the foreign judgment.

Under our law it is perfectly well settled that there can be no valid judgment against a dissolved corporation, unless one founded on a pending suit which the order of dissolution itself preserves from abatement, or one in some manner saved.

(*Sturges* v. *Vanderbilt*, 73 N. Y. 384.) That concededly was the common-law rule, outside of statutory modifications, but the contention now is that the statutes of Illinois have established a different doctrine and made possible a valid judgment against a corporation which thereafter other states, on principles of comity and under the Constitution, are bound to treat as good and effectual. Two statutes of Illinois are cited for that purpose. One of them continues a dissolved insurance corporation for two years for the purpose of winding up its affairs and prosecuting suits by and against it; another contains a similar provision relating to corporations generally. Undoubtedly these statutes operated upon foreign corporations doing business in Illinois, so far at least as their property within its boundaries was concerned, and the consequent judgments became valid and enforceable for that purpose and to that extent. Such only is the effect claimed for the statutes by the courts of the sister state. They do not undertake to give them an extra-territorial obligation, but treat the foreign corporation, though civilly dead, as *de facto* alive for the purposes of a remedy within their own limits. (*Life Assn.* v. *Fassett*, 102 Ill. 315.) That the foreign corporation, dissolved and dead in the domicile of its origin, should be deemed alive in the foreign state so far as to save the remedies of its own citizens against property within its own jurisdiction, is entirely possible and not at all unreasonable. But to go further than that, and insist that by force of the foreign judgment and through the comity of the states the corporation, in its own jurisdiction, is at the same moment dead and alive — dead as to our own citizens, but alive as to foreign creditors — is to throw the whole system into confusion and make a complete dissolution and winding up impossible. The judgment relied on is not against the receiver; he was never a party to the suit; in no manner became bound by its decision, and on well-settled principles in this state cannot be lawfully affected by it. (*People* v. *Knickerbocker* L. Ins. Co., 106 N. Y. 619.) In that case a suit was pending in Tennessee when the corporation was dissolved here, and although after that dissolution,

and by direction of the court, the receiver defended the appeal in the Federal court, we held that the subsequent judgment did not bind him. If we give to the Illinois judgment exactly the force and authority which the statutes direct and its courts claim for it, and recognize its validity and operation upon corporate property within that state, we fully obey the constitutional mandate, and are not required to go further and give it a force in our own jurisdiction which nullifies and disorganizes our whole procedure, and binds an officer who was never a party to the suit, who never appeared in it, and has never in any manner been heard.

I think there is no injustice in this rule. The foreign creditor may pursue the corporate assets in his own state, but when he would reach the fund held here for distribution after the corporate death he must, in some manner, make the receiver a party, so as to bind him by the judgment. I understand the Federal court to have decided nothing to the contrary. Indeed, in *Grover & Baker Machine Co.* v. *Radcliffe* (137 U. S. 287) it was said that comity did not require one state to permit the law of another to override its own.

The order should be affirmed, with costs.

All concur, except O'BRIEN, J., not voting.

Order affirmed.