In the Matter of the Liquidation of NATIONAL SURETY COMPANY.

WILLIAM F. LAUGHLIN, as Administrator de Bonis Non of the Estate of WESLEY COOPER, Deceased, Appellant; LOUIS H. PINK, Superintendent of Insurance of the State of New York, as Liquidator of NATIONAL SURETY COMPANY, Respondent.

Argued April 9, 1940; decided May 28, 1940.

*Francis X. Nestor* for appellant. The judgment of the Chancery Court of Mississippi is valid in all respects. (*Clark* v. *Williard*, 292 U. S. 112; *McGoon* v. *Scales*, 76 U. S. 23; *Sinnott* v. *Hanan*, 214 N. Y. 454; *The Greyhound*, 68 Fed. Rep. [2d] 832; *Missouri State Life Ins. Co.* v. *Langreder*, 87 Fed. Rep. [2d] 586; *Rawlings* v. *American Oil Co.*, 173 Miss. 683; *Schreier* v. *Cummings*, 251 App. Div. 16; *Douglas* v. *Perlstein*, 170 Misc. Rep. 561; *Giovannangeli* v. *Levich & Pollach, Inc.*, 134 Misc. Rep. 245; *Universal Life Ins. Co.* v. *Catchings*, 169 Miss. 26.) Article XI of the New York Insurance Law cannot be construed to abrogate contractual rights acquired through contracts made in other States. ( *U. S. Mortgage & Trust Co.* v. *Ruggles*, 258 N. Y. 32; *Clark* v. *Williard*, 292 U. S. 112; *Oklahoma Packing Co.* v. *Oklahoma Gas & Electric Co.*, 100 Fed. Rep. [2d] 770; *Hanover Fire Ins. Co.* v. *Harding*, 272 U. S. 494; *Neirbo Co.* v. *Beth. Shipbuilding Corp.*, 60 Sup. Ct. Rep. 153; *Bagdon* v. *Phil. & Reading C. & I. Co.*, 217 N. Y. 432.)

*Morris Amchan* and *Wendell P. Barker* for Department of Banking of State of Nebraska, *amicus curiæ*. So long as the procedural requirements of the State of New York with respect to filing of claims are complied with, a claimant has a right to secure an adjudication of the merits of his claim in a jurisdiction other than the State of New York. (*Clark* v. *Williard*, 292 U. S. 112; *Dempsey* v. *Pink*, 92 Fed. Rep. [2d] 572; *Mutual Res. Fund Life Assn.* v. *Phelps*, 190 U. S. 147.) The State of Mississippi as well as any other State similarly situated had the power to require the National Surety Company, as a condition to transacting business in such State, to continue the statutory agency of

such company for service of process after the dissolution of the company in the State of its domicile. (*Lafayette Ins. Co.* v. *French*, 18 How. [U. S.] 404; *St. Clair* v. *Cox*, 106 U. S. 350; *Mutual Reserve Fund Life Assn.* v. *Phelps*, 190 U. S. 147; *Connecticut Mutual Life Ins. Co.* v. *Spratley*, 172 U. S. 602; *Washington ex rel. Bond & G. & T., Inc.*, v. *Superior Court*, 289 U. S. 361; *Gilbert* v. *Burnstine*, 255 N. Y. 348; *Clark* v. *Williard*, 292 U. S. 112.)

*J. Francis Lynch* and *Edward F. Keenan* for respondent. On the entry of the order of liquidation, dated June 1, 1934, the corporate charter of National Surety Company was dissolved and its corporate existence terminated. (*National Surety Co.* v. *Cobb*, 66 Fed. Rep. [2d] 323.) All actions either pending or thereafter instituted abated upon the dissolution of National Surety Company and judgments subsequently entered are null and void. (*People* v. *Globe Mut. L. Ins. Co.*, 91 N. Y. 174; *Jemison* v. *C. S. Bank*, 122 N. Y. 135; *Susquehannah Line, Inc.*, v. *Auditore*, 223 App. Div. 585; *Relfe* v. *Rundle*, 103 U. S. 222; *Canada Southern Ry. Co.* v. *Gebhard*, 109 U. S. 527; *Martyne* v. *American Union Fire Ins. Co.*, 216 N. Y. 183; *First Nat. Bank* v. *Colby*, 88 U. S. 609; *Pendleton* v. *Russell*, 144 U. S. 640; *People* v. *Knickerbocker Life Ins. Co.*, 106 N. Y. 619; *Oklahoma Natural Gas Co.* v. *Oklahoma*, 273 U. S. 257; *Rodgers* v. *Adriatic Fire Ins. Co.*, 148 N. Y. 34; *Ewen* v. *American Fidelity Co.*, 271 Fed. Rep. 848.) The statutes of the State of Mississippi do not continue the corporate existence of a foreign insurance corporation dissolved in the State of incorporation. (*Rawlings* v. *American Oil Co.*, 173 Miss. 683; *McCulloch* v. *Norwood*, 58 N. Y. 562; *Hollman* v. *Bennett*, 44 Miss. 322; *Jones* v. *Jones*, 72 Fed. Rep. [2d] 829; *Psota* v. *Long Island R. R. Co.*, 246 N. Y. 388; *Dean* v. *Met. El. Ry. Co.*, 119 N. Y. 540.) Service of process on statutory agent of foreign corporation after dissolution of corporate existence in State of incorporation is a nullity. (*National Surety Co.* v. *Cobb*, 66 Fed. Rep. [2d] 323; *United States Truck Co.* v. *Penn. Surety Corp.*, 259 Mich. 422;

Robinson v. *Mutual Reserve Life Ins. Co.*, 182 Fed. Rep. 850; 189 Fed. Rep. 347.)

FINCH, J.   A creditor, residing in the State of Mississippi, has filed in this State in a liquidation proceeding involving assets of National Surety Company a sworn proof of claim in support of a debt arising in Mississippi.   The only support for the proof of claim is a judgment entered by default in the State of Mississippi reciting proof of service in the State of Mississippi upon the Superintendent of Insurance of that State as the alleged representative of the National Surety Company previously dissolved in the State of New York.

On September 14, 1932, National Surety Company executed a bond in the sum of $6,000 for an administrator of the goods, chattels, etc., of a decedent in favor of the State of Mississippi, conditioned that the administrator should faithfully discharge his duties as administrator. The administrator received the sum of $5,847, the proceeds of a war risk insurance policy covering the life of decedent as a soldier of the United States in the World war.

On June 1, 1934, the Superintendent of Insurance of the State of New York was directed by order of the Supreme Court to take possession forthwith of the property and liquidate the business and property of the National Surety Company.   This order fixed April 1, 1935, as the last day for the filing of claims, finally dissolved the company, and provided for the vesting of title in the Superintendent as liquidator of all of the property, contracts and choses in action of the company, and permanently enjoined all suits and proceedings against the company.

On April 5, 1934, the administrator was removed and an administratrix *de bonis non* substituted, and on February 18, 1935, a proof of claim was filed with the liquidator of the National Surety Company in this State in the sum of $1,847, with interest, wherein was recited the removal of the administrator, the appointment of the administratrix, and that $4,000 of said $5,847 had been distributed but that the administrator had been directed to pay over to

the administratrix the remaining sum of $1,847, which he had failed to do. On September 11, 1935, this administratrix was removed and another administrator appointed. On October 3, 1935, the claimant filed with the liquidator an amended proof of claim alleging that the distribution of the $4,000 was made to one not the widow, and that Minnie Cooper was the lawful surviving widow of decedent and entitled to the entire estate, and the claim as amended was then made for the entire amount of the original estate as received by the administrator.

On March 12, 1936, an action was commenced in the State of Mississippi by Minnie Cooper and others, as plaintiffs, against the National Surety Company, alleging due service of summons obtained by service on the Superintendent of Insurance of the State of Mississippi, and thereafter a final decree on default was taken, which decree also recited the appointment of the original administrator, his alleged wasting of the estate, adjudged that Minnie Cooper was the sole distributee of the estate, and that she was entitled to recover from the National Surety Company the amount of the original estate, with interest, namely, the sum of $6,709.52, for which sum the claimant was forthwith directed to file a claim with the Superintendent of Insurance of the State of New York, as liquidator of the National Surety Company. The liquidator recommended the disallowance of the amended claim, to which claimant filed objections. The issues thus raised were referred to a referee to hear and report. No evidence was offered by claimant on the hearing before the referee in substantiation of the amended claim, except the production of the judgment taken on default in the State of Mississippi through service upon the Superintendent of Insurance of the State of Mississippi as representing the National Surety Company theretofore dissolved in the State of New York. It is conceded that prior to the issuance of the administrator's bond involved herein National Surety Company had complied with the laws of Mississippi governing the administration of foreign insurance companies which, among other

things, appointed the Superintendent of Insurance of the State of Mississippi agent for the service of process as required by the Mississippi statutes, including a term of three years beyond dissolution, and that National Surety Company had been duly licensed to engage in business in the State of Mississippi..

The Special Term confirmed the disallowance of the claim by the referee and the Appellate Division unanimously affirmed.

Several objections are presented to the allowance of the claim. Of these only the first question need be considered, namely, is the final decree entered in an action instituted in the State of Mississippi against the National Surety Company, after its dissolution in the State of New York, binding on the liquidator in the State of New York and valid against assets in his possession in this State?

At common law all actions, either pending or thereafter instituted, abate upon the final dissolution of a corporation and judgments subsequently entered against the dissolved company are null and void. Also all persons who had contracted or done business with the dissolved corporation are charged with knowledge of the statutes governing the termination of its corporate existence upon dissolution, and of the statutes governing its liquidation, and are bound thereby. (*People* v. *Globe Mut. Life Ins. Co.*, 91 N. Y. 174, 179; *Jemison* v. *Citizens Sav. Bank*, 122 N. Y. 135, 140.) This is likewise true as to persons outside of the State of the incorporation of the dissolved company. (*Relfe* v. *Rundle*, 103 U. S. 222, 225; *Canada Southern Ry. Co.* v. *Gebhard*, 109 U. S. 527, 537; *Martyne* v. *American Union Fire Ins. Co.*, 216 N. Y. 183, 193.)

Under the above circumstances, since the statutes of New York governing the dissolution of delinquent insurers provide that an order may be obtained directing the immediate cessation of the corporate existence, the corporate life of National Surety Company ceased for all purposes everywhere upon the obtaining of such an order by the Superintendent of Insurance and the common-law rule became

applicable that upon dissolution of the corporation all actions pending or thereafter instituted abate and judgments thereafter entered are null and void. (*Pendleton* v. *Russell*, 144 U. S. 640, 645; *First National Bank* v. *Colby*, 88 U. S. 609, 615; *Rodgers* v. *Adriatic Fire Ins. Co.*, 148 N. Y. 34, 38.)

Claimant contends, however, that, because the State of New York has provided in its General Corporation Law (Cons. Laws, ch. 23) that the corporate existence of a dissolved company may be continued for a time for the purpose of winding up its affairs, and the institution of actions, either for or against the corporation, and making the directors, unless others are designated, trustees for the benefit of creditors of the corporation, therefore the State of New York has extended for the purposes of suit the life of National Surety Company in the State of Mississippi where a similar statute has been enacted, so that the service of the summons upon the Superintendent of Insurance in the State of Mississippi was valid in accordance with the statutes of New York. (General Corporation Law, § 29.) A complete answer to the above contention is that this very General Corporation Law upon which reliance is placed likewise provides that, if there be in any other corporation law a provision which conflicts with any provision of the General Corporation Law, the former shall prevail. (General Corporation Law, § 6.) In this connection the Insurance Law of the State of New York makes special provision for the liquidation of the business of a delinquent insurer. (Cons. Laws, ch. 28, § 407, now § 525, in substance.) The provisions of section 29 of the General Corporation Law, continuing the corporate existence, and those of former section 407 of the Insurance Law, authorizing the immediate dissolution of the corporate existence, constitute a definite and substantial inconsistency between these two statutory enactments. Such an inconsistency, being material, would appear to be the statutory conflict provided for by the provisions of section 6 of the General Corporation Law. In addition, there are other provisions of the Insurance Law which appear inconsistent and in conflict with the -

continuation of the corporate existence as provided for in the General Corporation Law. See, for example, where section 29 provides for the continuance of corporate existence for the purpose of collecting and distributing corporate assets and with authority to sue and be sued in the corporate name, while the Insurance Law (§ 404, now § 514, in substance) provides, if the court so directs, as it did in the case at bar, that the Superintendent of Insurance shall be vested by operation of law with the title to all of the property and deal with the property and business in his own name as Superintendent. Under such circumstances, and in accordance with the express provisions of section 6 of the General Corporation Law, the sections of the Insurance Law become exclusively controlling. The corporate existence, therefore, of National Surety Company ceased on June 1, 1934, and was not continued for any period thereafter by the general provisions of the General Corporation Law of the State of New York. (§ 29.)

Claimant further contends, by reason of the existence of certain statutes in the State of Mississippi, providing that the corporation shall continue in existence for the purpose of payment of its debts for three years after its charter has been annulled, that the service of process upon the Superintendent of Insurance of the State of Mississippi, who had been designated as agent for that purpose by the National Surety Company, as a condition of its doing business in Mississippi, was good, even though the National Surety Company had been judicially dissolved in the State of its incorporation. When permission was granted to the National Surety Company by the State of Mississippi to do business in that State this did not change the fact that the State authorities were chargeable with knowledge of the statutes of the State of New York under which the National Surety Company was incorporated. This included knowledge that the State of its creation had the power to order its destruction and death. The statutes of a foreign jurisdiction can in no way modify, change or nullify the effectiveness of the dissolution of a corporation in the State of its

incorporation. Even though the statutes of Mississippi attempt to continue the corporate life of all corporations for a time after dissolution, so far as dissolved foreign corporations are concerned, such statutes apply only to winding up the business of such corporations in so far as it may be carried on in the foreign jurisdiction. (American Law Institute, Restatement of the Law of Conflict of Laws, § 158, ch. 6, subd. d, p. 230.) Thus judgments entered against the dissolved corporation in a foreign jurisdiction are null and void in the State of its incorporation, and valid, if at all, only as to local assets found in the foreign jurisdiction. Statutes of the State of Mississippi providing for the continuance of the corporation after dissolution do not have the effect of giving life to a corporation which has been judicially declared to be dead in the State of its incorporation. (*People* v. *Globe Mut. Life Ins. Co.*, 91 N. Y. 174; *Martyne* v. *American Union Fire Ins. Co.*, 216 N. Y. 183.) And the Supreme Court of Mississippi has confined the effect of a judgment such as that in the case at bar to local assets in the State of Mississippi. (*Rawlings* v. *American Oil Co.*, 173 Miss. 683.)

Nor may the claim of claimant be sustained by the contention that, because a statutory agent was designated, service upon him was good. This designation was analogous to a power of attorney granted by an individual, which ceases upon the death of that individual. The judgment of claimant, therefore, against National Surety Company in the State of Mississippi, if valid at all in that State, must be restricted to local assets. It has no extraterritorial effect and is void in New York. Being void, it may be subject to collateral attack. (*Ferguson* v. *Crawford*, 70 N. Y. 253, 256; *Jones* v. *Jones*, 108 N. Y. 415, 423; *Matter of Doey* v. *Howland Co.*, 224 N. Y. 30, 38.)

In so far as claimant seeks to rely upon the statements contained in its sworn proof of claim, unsupported as they are by any competent testimony and not subject to cross-examination, it is sufficient to say that they have been duly rejected by the liquidator in accordance with the long-

established system of procedure in the determination of such claims. A realistic approach to the matter shows how impossible it would be for the liquidator to have cast upon him through a mere sworn proof of claim the burden of attempting to unearth defenses in foreign jurisdictions concerning matters of which he knows nothing. Each claimant, being in possession of the facts concerning his claim, may not escape the customary burden of adducing proof in support thereof and cast this age-old burden of proof upon the liquidator.

There are several other objections urged to the allowance of the claim, but, in view of our answer to the first question, it is unnecessary to lengthen an opinion with their consideration.

It follows that the order appealed from should be affirmed, without costs.

LEHMAN, Ch. J., LOUGHRAN, RIPPEY, SEARS, LEWIS and CONWAY, JJ., concur.

Order affirmed.