In the Matter of NATIONAL SURETY COMPANY. (Claim of O. GARLAND COSBY, Trading as COSBY MOTOR COMPANY.)

Supreme Court, Special Term, New York County, July 30, 1940.

*Edward F. Keenan* [*A. Prentiss Butler* of counsel], for the Superintendent of Insurance of the State of New York, as liquidator.

*Duer, Taylor, Wright & Woods* [*Harter F. Wright* of counsel], for the claimant.

BENVENGA, J. This is a motion for an order disaffirming the report of a referee and disallowing the claim of O. Garland Cosby, trading as Cosby Motor Company. The claimant has filed a cross-motion for an order affirming the referee's report. The claim was recommended for disallowance in the liquidator's fifth and comprehensive report upon claims filed in the National Surety Company liquidation proceedings. The claimant filed objections to the disallowance. The referee, after hearing evidence upon the issues raised by the claimant's objection, reported that the claim should be allowed, inasmuch as it was timely filed.

It appears that on June 13, 1931, the claimant obtained a judgment in the Circuit Court of Elizabeth City County, Virginia, against Marsteller Construction Company, for the sum of $971.92. The National Surety Company was not a party to that action. The proof of claim submitted by the claimant in the sum of $1,230.51 represents the amount of the judgment, together with interest and court costs. On February 11, 1931, the claimant commenced an action upon a contract against the National Surety Company in the Circuit Court of Elizabeth City County, Virginia. While that suit was pending, the National Surety Company was placed in liquidation in the State of New York and its corporate existence was finally dissolved. Thereafter, at the April, 1935, term of the Circuit Court of Elizabeth City County, Virginia, a judgment was entered in the sum of $991, in favor of the claimant against the surety company. This judgment was entered nearly a year after the company had ceased to exist. A claim corresponding to that entered with the liquidators in New York was filed in the receivership proceedings in Virginia. The claim was there allowed in the sum of $1,011.75. Dividends amounting to $242.08 were paid out of surety company assets in Virginia.

As was said in *Matter of National Surety Co. (Laughlin)* (283 N. Y. 68, 77, 78): " In so far as claimant seeks to rely upon the statements contained in its sworn proof of claim, unsupported as they are by any competent testimony and not subject to cross-examination, it is sufficient to say that they have been duly rejected by the liquidator in accordance with the long-established system of procedure in the determination of such claims. A realistic approach to the matter shows how impossible it would be for the liquidator to have cast upon him through a mere sworn proof

of claim the burden of attempting to unearth defenses in foreign jurisdictions concerning matters of which he knows nothing. Each claimant, being in possession of the facts concerning his claim, may not escape the customary burden of adducing proof in support thereof and cast this age-old burden of proof upon the liquidator."

There is no evidence as to the date or amount of the bond, the name of the obligee or the terms or conditions of the bond, and there is nothing in the record to show any breach of condition of the bond which might give rise to a cause of action against the surety. The nature of the contract sued upon does not appear, and there is nothing in the evidence to show definitely whether the action commenced in 1931 against the surety company was upon the bond in question. Neither the liquidator nor any person authorized to represent him ever appeared in that action, and the purported judgment therein against the surety company was entered nearly a year after the company had ceased to exist. There is nothing in the evidence to indicate how the allowance was made in the liquidation proceedings and the receivership of the surety company in Virginia. Nor is it shown whether it was confirmed by court order or otherwise.

The judgment which was entered against the surety company in Virginia months after the corporate existence of that company had legally ended is absolutely void in this State. It has no force or validity here and cannot be accepted as evidence of a valid claim in this proceeding. (*Matter of National Surety Co. [Laughlin]*, *supra*, p. 77.)

The judgment not being entitled to full faith and credit in this proceeding, and the claimant having failed to produce common-law proof of his claim, the report of the referee is disaffirmed and the proceeding sent back to the referee to take common-law proof of the claim. Settle order.