In the Matter of the PEOPLE OF THE STATE OF NEW YORK, by, ALFRED J. BOHLINGER, as Superintendent of Insurance of the State of New York, Respondent. INTERNATIONAL WORKERS ORDER, INC., Appellant; HERMAN A. SELIGSON et al., for International Workers Order Policyholders Protective Committee, Interveners, Appellants.

Argued February 25, 1953; decided April 23, 1953.

*Osmond K. Fraenkel* and *Arthur Kinoy* for appellant. I. The statutory scheme of liquidation is specifically designed to meet only problems involving financial loss or risk of loss arising out of the business operations of an insurer. (*Attorney-General* v. *North America Life Ins. Co.,* 82 N. Y. 172; *Matter of People* [*Second Russian Ins. Co.*], 243 N. Y. 524; *Connecticut Fire Ins. Co.* v. *Manning,* 160 F. 382; *Matter of Importers & Exporters Ins. Co.* v. *Rhoades,* 239 N. Y. 420; *People ex rel. New York Fire Ins. Exch.* v. *Phillips,* 237 N. Y. 167; *Matter of New Jersey Fidelity & Plate Glass Ins. Co.* v. *Van Schaick,* 261 N. Y. 521; *Travelers' Ins. Co.* v. *Hotchkiss,* 197 N. Y. 585; *Mutual Life Ins. Co.* v. *Prewitt,* 127 Ky. 299; *State* v. *Harty,* 276 Mo. 583; *Matter of Bankers Deposit Guar. & Sur. Bond Co.,* 80 Kan. 442; *Commercial Std. Ins. Co.* v. *Board of Ins. Comr.,* 34 S. W. 2d 343 [Tex.]; *Board of Ins. Comr.* v. *Guardian Life Ins. Co.,* 180 S. W. 2d 906 [Tex.]; *Scanlon* v. *Home Ins. Co.,* 79 S. W. 2d 186 [Tex.].) II. The statute, if susceptible of the interpretation placed on it by the lower courts, (1) violates the due process clauses of the

State and Federal Constitutions because of vagueness; (2) violates the rights of freedom of speech, press and assembly as guaranteed by the Fourteenth Amendment to the Federal Constitution as well as the Constitution of this State, and (3) would be invalid as an unconstitutional delegation of legislative power. (*Herndon* v. *Lowry*, 301 U. S. 242; *Lovell* v. *Griffin*, 303 U. S. 444; *Taylor* v. *Mississippi*, 319 U. S. 583; *Winters* v. *New York*, 333 U. S. 507; *Saia* v. *New York*, 334 U. S. 558; *Kunz* v. *New York*, 340 U. S. 290; *Gelling* v. *Texas*, 343 U. S. 960; *Musser* v. *Utah*, 333 U. S. 95; *Jordan* v. *De George*, 341 U. S. 223; *Thomas* v. *Collins*, 323 U. S. 516; *Niemotko* v. *Maryland*, 340 U. S. 268; *Jamison* v. *Texas*, 318 U. S. 413; *Cantwell* v. *Connecticut*, 310 U. S. 296; *Schneider* v. *State*, 308 U. S. 147; *Hague* v. *C. I. O.*, 307 U. S. 496; *Packer Collegiate Inst.* v. *University of State of N. Y.*, 298 N. Y. 184; *Matter of Fink* v. *Cole*, 302 N. Y. 216; *Matter of Federal Tel. & Radio Corp. [Corsi]*, 301 N. Y. 95; *Matter of Concordia Collegiate Inst.* v. *Miller*, 301 N. Y. 189; *Matter of Little* v. *Young*, 299 N. Y. 699; *Matter of Cherry* v. *Board of Regents*, 289 N. Y. 148; *Matter of Corporate Employment Service* v. *Moss*, 286 N. Y. 601; *Matter of Lyons* v. *Prince*, 281 N. Y. 557; *Matter of Small* v. *Moss*, 279 N. Y. 288; *Matter of Seignious* v. *Rice*, 273 N. Y. 44; *Darweger* v. *Staats*, 267 N. Y. 290; *Matter of Picone* v. *Commissioner of Licenses*, 241 N. Y. 157; *People* v. *Klinck Packing Co.*, 214 N. Y. 121.) III. No evidence in the record supports an assumption of presently " hazardous " activity. (*People* v. *Society of St. Joseph Palo Del Colle, Italy*, 177 Misc. 419; *Van Schaick* v. *Cronin*, 237 App. Div. 182.)

*Milton H. Friedman, Thomas Russell Jones* and *Robert Silk* for interveners-appellants. I. The facts found did not warrant, and in any event did not require, the order of liquidation. (*Equitable Life Assurance Soc.* v. *Brown*, 213 U. S. 25; *Matter of Franklin Tel. Co.*, 114 Mass. 447; *Commonwealth* v. *Pittsburgh & Connellsville R. R. Co.*, 58 Pa. 26; *State ex rel. Peoples Mut. Benefit Assn.*, 42 Ohio St. 579; *Stewart* v. *Father Matthew Soc.*, 41 Mich. 67; *People* v. *Ulster & Delaware R. R. Co.*, 128 N. Y. 240.) II. The order appealed from violates the constitutional rights of policyholders of I. W. O. in that it deprives them of their property without due process of law. (*People* v. *Globe*

*Mut. Life Ins. Co.,* 91 N. Y. 174; *Cowan* v. *City of Buffalo,* 247 App. Div. 591; *Farnham Realty Corp.* v. *Posner,* 200 App. Div. 827; *Matter of Friedman* v. *Valentine,* 177 Misc. 437, 266 App. Div. 561; *Wynehamer* v. *People,* 13 N. Y. 378; *Colon* v. *Lisk,* 153 N. Y. 188; *Gaines* v. *Buford,* 1 Dana 484; *Lawton* v. *Steele,* 152 U. S. 133.) III. The order appealed from violates the rights of members and policyholders of I. W. O. to freedom of assembly and freedom of speech guaranteed by the Federal and State Constitutions. (*Equitable Life Assurance Soc.* v. *Brown,* 213 U. S. 25; *Grosjean* v. *American Press Co.,* 297 U. S. 233; *Matter of Gallaher* v. *American Legion,* 154 Misc. 281, 242 App. Div. 604.) IV. The Supreme Court, in the exercise of its general equity jurisdiction, has power to deal with any corporate problems of I. W. O. which have been mentioned in this proceeding, without participation or intervention of the Superintendent of Insurance. (*Matter of Lawyers Mtge. Co.,* 169 Misc. 802; *Matter of Steinway,* 159 N. Y. 250; *Matter of Rich* v. *Kaminsky,* 254 App. Div. 6.)

*Paul W. Williams, Special Counsel* (*James B. Henry, Jr.,* of counsel), for petitioner-respondent. I. International Workers Order from its foundation to the present, has been dominated by the Communist party, and its primary purpose is the support of the Communist party and the dissemination of Communist doctrines. International Workers Order was formed with the approval of Communist International by withdrawal of the Communist group from the Workmen's Circle. (*United States* v. *Dennis,* 183 F. 2d 201, 341 U. S. 494; *Harisiades* v. *Shaughnessy,* 90 F. Supp. 397, 187 F. 2d 137, 342 U. S. 580; *Carlson* v. *Landon,* 342 U. S. 524; *Martinez* v. *Neelly,* 197 F. 2d 462, 344 U. S. 916.) II. International Workers Order teaches loyalty to the Union of Soviet Socialist Republics and disloyalty to the United States of America. III. International Workers Order has willfully violated its charter within the meaning of subdivision (f) of section 511 of the Insurance Law, and it has secured and retained its charter fraudulently and in willful violation of sections 463 and 465 of said law. The activities of I. W. O. have constituted an abuse of its charter and a perversion of the purposes for which it was incorporated. (*Chicago Life Ins. Co.* v. *Needles,* 113 U. S. 574; *Matter of Collins-Doan*

*Co.,* 3 N. J. 382; *Matter of Warner Co.,* 232 Minn. 207; *People* v. *North Riv. Sugar Refining Co.,* 121 N. Y. 582; *People* v. *Milk Exch.,* 145 N. Y. 267; *People* v. *Volunteer Rescue Army,* 262 App. Div. 237; *Matter of Bennett [American-Canadian Ambulance Corps],* 179 Misc. 21; *Matter of Lithuanian Workers' Literature Soc.,* 196 App. Div. 262; *People* v. *White Circle League of America,* 408 Ill. 564; *Reiter* v. *American Legion,* 189 Misc. 1053, 273 App. Div. 757; *Weinstock* v. *Ladisky,* 197 Misc. 859.) IV. Further transaction of business by I. W. O. would be hazardous to its policyholders, its creditors and the public within the meaning of subdivision (e) of section 511 of the Insurance Law. (*People* v. *Formosa,* 131 N. Y. 478; *California Auto. Assn.* v. *Maloney,* 341 U. S. 105; *Attorney-General* v. *North America Life Ins. Co.,* 82 N. Y. 172; *Matter of People [Second Russian Ins. Co.],* 243 N. Y. 524; *Andre* v. *Beha,* 211 App. Div. 380, 240 N. Y. 605.) V. The present proceeding is constitutional and involves no question of unconstitutional delegation of legislative powers, due process or equal protection of the laws. (*Connally* v. *General Const. Co.,* 269 U. S. 385; *Communications Assn.* v. *Douds,* 339 U. S. 382; *People* v. *White Circle League of America,* 408 Ill. 564; *People* v. *Beauharnais,* 408 Ill. 512, 343 U. S. 250; *Hague* v. *C. I. O.,* 307 U. S. 496; *Western Turf Association* v. *Greenberg,* 204 U. S. 359; *Hallmark Productions* v. *Mosley,* 190 F. 2d 904; *Asbury Hospital* v. *Cass County,* 326 U. S. 207; *Dennis* v. *United States,* 341 U. S. 494; *Harisiades* v. *Shaughnessy,* 342 U. S. 580; *United Public Workers* v. *Mitchell,* 330 U. S. 75; *Bailey* v. *Richardson,* 182 F. 2d 46, 341 U. S. 918; *Washington* v. *McGrath,* 182 F. 2d 375, 341 U. S. 923; *Friedman* v. *Schwellenbach,* 159 F. 2d 22, 330 U. S. 838.) VI. Liquidation is the only appropriate remedy since Communist domination exists at every level of I. W. O.

*Per Curiam.* As we read section 511 (e) of the Insurance Law, the term " hazardous ", contrary to the assertion of the Superintendent of Insurance, encompasses only dangers financial in nature. In our view, however, the record supports the conclusion that further operation of the I. W. O. would prove " hazardous " in a financial sense.

Be that as it may, though, there can be no question that the I. W. O.'s continued course of political action, involving as it did financing Communist Party organizers and publications, disseminating Party literature, and supporting Communist policies and candidates for public office, violates the I. W. O. charter as well as laws of this state and, therefore, permits liquidation under section 511 (f). These activities, carried on for almost two decades with the active support of the membership, were unauthorized by the Order's charter and, perhaps, even contravened its express provisions. Indeed, its failure to include a true and complete statement of its " purposes ", as well as " the mode and manner in which its corporate powers are * * * exercised ", offends against the demands of paragraphs (c) and (d) of subdivision 3 of section 463 of the Insurance Law. Moreover, as noted, its political activities involve, in the language of section 671 of the Penal Law, a use of " money or property * * * for, or in aid of, any corporation * * * or other association organized or maintained for political purposes, or for * * * any candidate for political office * * * or for any political purpose whatever," and, as a consequence, violate that provision as well. So dominant was the I. W. O.'s allegiance to its unlawful purpose that, in reality, the Order " wasted and perverted the privileges conferred by [its] charter, abused its powers, and * * * substituted [illegal action] for the conduct which the State had a right to expect and require." (*People* v. *North Riv. Sugar Refining Co.,* 121 N. Y. 582, 623.) The abuses noted undoubtedly warranted liquidation of the I. W. O. under applicable provisions of the Insurance Law.

As for the contention advanced by appellants-interveners, the International Workers Order Policyholders Protective Committee, that liquidation would cause undue hardship to the many members who cannot otherwise secure insurance protection, it is sufficient to note that counsel for the Insurance Department, authorized to do so by the Superintendent of Insurance, gave assurance upon the argument before us that arrangements have been made for the reinsurance of " all [I. W. O.] policyholders ", that there are " companies prepared to issue insurance on the same basis as those insured now enjoy " and that

" every member of the I. W. O. will be insured on substantially the same contract " as he now has.

The order of the Appellate Division should be affirmed, with costs.

LEWIS, CONWAY, DESMOND, DYE, FULD and FROESSEL, JJ., concur; LOUGHRAN, Ch. J., deceased.

Order affirmed.