In the Matter of REBECKA PETERS, Individually and on Behalf of All Others Similarly Situated Who Are Members of the WILLIAMSBURG COMMUNITY ASSOCIATION, Respondent, against NEW YORK CITY HOUSING AUTHORITY, Appellant. JOSEPH SERATA et al., Individually and as Members of the INTERNATIONAL WORKERS ORDER, INC., and as Tenants of the New York City Housing Authority, Interveners, Respondents.— In this article 78 proceeding, the New York City Housing Authority appeals from so much of a final order as (1) granted leave to certain tenants of said Authority to intervene, (2) annulled the resolution adopted by the Authority pursuant to the Gwinn amendment of the Independent Offices Appropriations Act, 1953 (66 U. S. Stat. 393, 403, U. S. Code, tit. 42, § 1411c) requiring, as a condition of occupancy in Federally aided projects, that each tenant or prospective tenant furnish a certificate of nonmembership in any organization designated as subversive by the Attorney

General of the United States, and (3) enjoined the Authority from soliciting or requiring as a qualification for eligibility that tenants or prospective tenants furnish such certificates. Order, insofar as appealed from, modified, on the law by striking therefrom the fourth and fifth ordering paragraphs, and by adding thereto a new ordering paragraph dismissing the proceeding on the merits, and as so modified, order affirmed, without costs. On July 9, 1953, the learned Special Term handed down the decision holding the resolution unconstitutional because, under the procedure followed by the Attorney General pursuant to the President's Loyalty Order of 1947 (Executive Order No. 9835, 12 Federal Register 1935), organizations were listed without the hearing which due process requires before membership can be the sole basis for evicting a tenant. A fortnight later the United States Department of Justice announced that, pursuant to the President's Security Order of 1953 (Executive Order No. 10450, 18 Federal Register 2489), the department had promulgated rules granting all listed organizations thirty days in which to request hearings (*New York Times*, July 22, 1953, p. 4, col. 1). It appears that the Special Term was not advised of said rules before it rendered its decision herein. The determination of this court must be based on the law as it stands at the time of our decision (*Matter of Tartaglia* v. *McLaughlin,* 297 N. Y. 419). Under the provisions presently applicable, listed organizations (and those proposed to be listed) demanding a hearing are entitled to have one before the Attorney General of the United States, at which they may be represented by counsel, introduce evidence and examine witnesses; and they may obtain a transcript of the proceedings (18 Federal Register 2619). The determination of the Attorney General is subject to judicial review (*Anti-Fascist Committee* v. *McGrath,* 341 U. S. 123). We cannot say, in advance of the event, that a hearing granted an organization pursuant to these rules will not satisfy the requirements of due process as respects such listing. Furthermore, in the present-day context of world crisis after crisis, it is our opinion that the danger the Congress is seeking to avoid (i.e., infiltration of government housing by subversive elements) justifies the requirement that tenants herein choose between government housing and membership in an organization they know to have been found subversive by the Attorney General (*Communications Assn.* v. *Douds,* 339 U. S. 382; *Dennis* v. *United States,* 341 U. S. 494). Accordingly, there is no issue of fact that requires the granting of a hearing to tenants by the authority. Finally, as regards the interveners-respondents herein as " members " of the International Workers Order, Inc., said corporation having been dissolved by order of the Supreme Court, New York County (*Matter of People* [*International Workers Order*], 199 Misc. 941 [June 25, 1951], affd. 280 App. Div. 517 [July 1, 1952], affd. 305 N. Y. 258 [April 23, 1953], certiorari denied 346 U. S. 857 [Oct. 19, 1953]), its existence as a legal entity has come to an end (*Matter of National Sur. Co.* [*Laughlin*], 283 N. Y. 68; *Matter of National Sur. Co.* [*Milford Constr. Co.*], 286 N. Y. 216) and its assets are being administered by the Superintendent of Insurance for the benefit of its former members as policyholders (*Matter of People* [*International Workers Order*], 199 Misc. 941, 978, *supra*). It follows that said interveners-respondents may terminate their association with said organization without loss of such benefit. Adel, Acting P. J., MacCrate, Schmidt and Murphy, JJ., concur; Beldock, J., concurs in result.