DAVID WEIXEL et al., Plaintiffs, *v.* NEW YORK CITY HOUSING AUTHORITY, Defendant.

Supreme Court, Special Term, Queens County, July 28, 1955.

*Osmond K. Fraenkel* for plaintiffs.

*John P. McGrath* and *Martin D. Jacobs* for defendant.

SAMUEL RABIN, J. In this action by husband and wife, tenants since April 4, 1952, of premises in the borough of Queens, city of New York, which are in a low-rent housing project constructed, in part, of Federal funds, for a judgment declaring that the defendant has no authority to terminate their lease and for an injunction restraining it from taking any steps to effectuate such termination, the plaintiffs have moved for a temporary injunction restraining the defendant, pending the final determination of this action, from taking any steps to evict them from the apartment now occupied by them. The defendant has cross-moved for judgment dismissing the complaint, pursuant to rules 106 and 107 of the Rules of Civil Practice, upon the

grounds (a) that there are existing final orders of courts of competent jurisdiction which determine the cause of action alleged in the complaint and are binding upon the plaintiffs, (b) that there is pending an article 78 proceeding based upon the same cause of action alleged in the complaint, (c) that the complaint does not state facts sufficient to constitute a cause of action, and (d) that this court should decline to take jurisdiction of the subject matter of this action.

In their complaint plaintiffs allege that on May 19, 1955, the defendant requested them to sign a certain certificate, pursuant to a rider to an appropriation bill passed by the Congress of the United States in 1952, known as the Gwinn Amendment (U. S. Code, tit. 42, § 1411c), requiring, as a condition of occupancy in Federally-aided housing projects, that the tenant sign a certificate of nonmembership in organizations designated as subversive by the Attorney General of the United States. Upon their refusal to sign this certificate, the defendant advised plaintiffs on June 27, 1955, to the effect that because of such refusal it elected to terminate their occupancy as of July 31, 1955, and a notice to vacate said premises was served therewith. Plaintiffs challenge the constitutionality of the Gwinn Amendment and the Attorney General's list to which it refers. They maintain that the defendant has no authority to terminate their tenancy and that the failure to sign the certificate demanded is no ground for termination for the reason that Executive Order No. 10450 (Code of Fed. Reg., tit. 3, 1953 Supp., pp. 72-76) is unconstitutional and void insofar as it authorizes the promulgation of any list by the Attorney General of the United States; that the organizations alleged to have been designated by the Attorney General as within the said Executive Order did not, prior to such listing, receive hearings and that such organizations as have requested hearings have been unable to obtain them.

The precise issues presented by this action were involved in an article 78 proceeding which was brought by one Rebecka Peters, a tenant in the Williamsburg project located in Brooklyn. Two tenants in the Kingsboro housing project located in Brooklyn and one in the Red Hook project, likewise located in that borough, were allowed to intervene in that proceeding. Special Term sustained the petition and annulled the defendant's resolution on the ground that in the compilation of the Attorney General's list, the requirements of due process had been violated. (*Matter of Peters* v. *New York City Housing Auth.*, 128 N. Y. S. 2d 224.)

By the time the *Peters* case reached the Appellate Division, the Attorney General of the United States, by order dated April 29, 1953, modified the rules and procedures for determining whether an organization should be designated as subversive so as to afford the organization involved an administrative hearing at which it could be represented by counsel, introduce evidence, examine witnesses and obtain a transcript of the proceedings. (See 18 Federal Register 2619.) The Appellate Division modified the order of Special Term and dismissed the proceedings, holding that, in view of the latter executive and administrative action, the defects referred to by Special Term had been cured. (*Matter of Peters* v. *New York City Housing Auth.*, 283 App. Div. 801.)

The tenants in the three projects involved in the Peters proceeding then appealed to the Court of Appeals. That court did not reach the constitutional questions on the ground that according to its study of the record, there were at least two nonconstitutional grounds upon which the case might be disposed of. Since these grounds involved more facts than those in the original record, the order of the Appellate Division was reversed and the matter remitted to Special Term "where the facts can be unraveled and the essential statutes, executive orders and administrative rulings analyzed and evaluated." (*Matter of Peters* v. *New York City Housing Auth.*, 307 N. Y. 519, 531.) More specifically, the preliminary nonconstitutional questions thus remitted were (1) whether the Gwinn Amendment, referring to housing units "constructed under the United States Housing Act of 1937" applies to the Williamsburg project in which petitioner Peters is a tenant, and (2) whether the Authority's resolution of December 11, 1952, requiring a certificate of non-membership in 194 designated organizations falls within the provisions of the Gwinn Amendment as to an "organization designated as subversive by the Attorney General".

A hearing was held on April 11, 1955, before Honorable JOHN B. JOHNSTON, Official Referee. By his decision, dated May 10, 1955, consisting of findings of fact and conclusions of law, Judge JOHNSTON resolved all questions and issues in favor of the Authority and ordered the proceeding dismissed on the merits. More specifically, he found that the Gwinn Amendment, considered in the light of its legislative history and purpose, is applicable to all "low-rent" Federal housing projects administered by the Public Housing Administration; that considering the various designations made by the Attorney General under Executive Order No. 9835 (Code of Fed. Reg., tit. 3, 1947

Supp., p. 129), issued March 21, 1947, and Executive Order No. 10450, issued April 27, 1953, the list of organizations furnished by the Attorney General of the United States and used by the Authority in December, 1952, and now being used by it is "within the fair meaning of the mandate of the Gwinn Amendment enacted in July 1952 and specifically reenacted in July 1953"; and that in view of that amendment "the regulations and direction of the Public Housing Administration, and the contractual obligations entered into between the Authority and the Public Housing Administration, the Authority is authorized and empowered to require as a condition of occupancy in federally-aided projects that the applicant or tenant sign a certificate of non-membership in the organizations designated by the Attorney General of the United States pursuant to Executive Order No. 10450".

Thereafter and on May 18, 1955, the tenants in the *Peters* proceeding filed a notice of appeal from the foregoing order and applied to the Appellate Division for an order restraining the Authority from taking any action, pending the determination of said appeal, to affect the continued occupancy of tenants who declined to sign the requested certificate. This motion was denied "without prejudice to any future application, in the Municipal Court of the City of New York, for a stay of any final order or warrant of dispossess which may be issued by that court; and without prejudice to any future application, in the appellate court, for such a stay upon any appeal which may be taken from such a final order". (*Matter of Peters* v. *New York City Housing Auth.*, N. Y. L. J., June 1, 1955, p. 10, col. 4.)

I cannot agree with the defendant that the court should, in its discretion, decline to take jurisdiction of the subject matter of this action (Rules Civ. Prac., rule 212). The remedy of a declaratory judgment is peculiarly appropriate in a case such as this where constitutional questions are involved and there is totally lacking any question of fact. (*Dun & Bradstreet* v. *City of New York*, 276 N. Y. 198.)

Nor am I able to agree with the defendant that the determinations in the *Peters* proceeding or the pendency of the appeal therein from the order of the Official Referee bars the plaintiffs from maintaining this action. They were not and are not parties to those proceedings. The pendency of those proceedings does not render them, so far as the plaintiffs are concerned, "another action pending between the same parties for the same cause" within the meaning of subdivision 3 of rule 107 of the Rules of Civil Practice, nor are the past adjudications in those proceed-

ings binding upon the plaintiffs in the classic sense of *res judicata* within the meaning of subdivision 4 of said rule.

That is not to say, however, that the existing determinations in the *Peters* case do not come within the doctrine of *stare decisis* which impels a court to adhere to precedent when the facts of the two actions are substantially the same. (*Moore* v. *City of Albany*, 98 N. Y. 396, 410.) As already noted, it was after the Attorney General of the United States had modified the rules and procedures for listing organizations as subversive that the Appellate Division of this department reversed the determination of Special Term annulling the resolution of the Authority. In so doing that court pointed out that its determination was based on the law as it stood at the time of its decision, that under the modified rules and procedures of the Attorney General, his determination was subject to judicial review and that it could not be said " in advance of the event, that a hearing granted an organization pursuant to these rules will not satisfy the requirements of due process as respects such listing." The court then sustained the constitutionality both of the Gwinn Amendment and of the resolution implementing it, stating: " Furthermore, in the present-day context of world crisis after crisis, it is our opinion that the danger the Congress is seeking to avoid (i. e., infiltration of government housing by subversive elements) justifies the requirement that tenants herein choose between government housing and membership in an organization they know to have been found subversive by the Attorney General ". (*Matter of Peters* v. *New York City Housing Auth.*, *supra*, p. 802.)

The foregoing decision is binding on this court and since the plaintiffs have in their complaint specifically alleged that the premises in which they have an apartment " constitute part of a low rent housing project constructed in part with federal funds ", there can be no question that that project is a low-rent Federal housing project, administered by the Public Housing Administration to which the Gwinn Amendment applies.

As to whether the defendant's resolution requiring of tenants in a low-rent Federal housing project a certificate of nonmembership in the designated organizations falls within the provision of the Gwinn Amendment as to " organization designated as subversive by the Attorney General ", this court is persuaded to adopt the views of Honorable JOHN B. JOHNSTON, Official Referee, as expressed in his decision in the *Peters* case (*supra*), dated May 10, 1955, wherein he held that the organizations furnished by the Attorney General of the United States and used by the

Authority in December, 1952, and now being used by it were " within the fair meaning of the mandate of the Gwinn Amendment enacted in July 1952 and specifically reenacted in July 1953 " and that in view of that amendment " the regulations and direction of the Public Housing Administration, and the contractual obligations entered into between the Authority and the Public Housing Administration, the Authority is authorized and empowered to require as a condition of occupancy in federally-aided projects that the applicant or tenant sign a certificate of non-membership in the organizations designated by the Attorney General of the United States pursuant to Executive Order No. 10450 ".

In light of the foregoing, the court concludes that the defendant has authority to terminate the plaintiffs' occupancy in the Federally-aided housing project in which they reside for their failure to sign such certificate, pursuant to its resolution requiring such certificate to be signed as a condition of occupancy.

Accordingly, the defendant's motion to dismiss the complaint as failing to state facts sufficient to constitute any cause of action is granted and the plaintiffs' motion for a temporary injunction is denied.

Submit orders.