■ David Weixel et al., Appellants, v. New York City Housing Authority, Respondent.— In an action by tenants in a Federally-aided, low-cost housing project, for a judgment declaring that respondent has no authority to terminate their lease because of their refusal to certify that they were not members of any of the organizations designated by the Attorney General of the United States as within Executive Order No. 10450, and for injunctive relief, the appeal is from so much of an order as granted respondent's motion to dismiss the complaint for failure to state facts sufficient to constitute a cause of action, and from the judgment entered thereon. Order, insofar as appealed from, and judgment reversed, with $10 costs and disbursements, and motion to dismiss the complaint denied, without costs, with leave to respondent to answer within ten days after the entry of the order hereon. For the reasons stated in *Matter of Peters* v. *New York City Housing Auth.* (*ante,* p. 694), decided herewith, we are of the opinion that the respondent was not authorized, under the Gwinn Amendment, to require a certificate of nonmembership in the organizations set forth in the Consolidated List of Organizations Designated by the Attorney

General as within Executive Order No. 10450. While the complaint does not allege that respondent's action was invalid on that ground, it states a good cause of action for a declaratory judgment and should not have been dismissed for insufficiency. (Cf. *Rockland Light & Power Co.* v. *City of New York*, 289 N. Y. 45, 51, and *Percoff* v. *Solomon*, 259 Ala. 482.) Nolan, P. J., MacCrate, Schmidt, Beldock and Murphy, JJ., concur. [208 Misc. 246.]