Edwin R. Lynde, J.
This is a motion by Empire Mutual Insurance Company to dismiss the 12th cause of action of the amended complaint on the ground that such company has been dissolved by order of the Court of Common Pleas of Dauphin County, Pennsylvania, which enjoins the institution or prosecution of all actions against the defendant and directed liquidation of its assets by the Commissioner of Insurance of the State of Pennsylvania.
The movant is an insurance company that was incorporated under the laws of Pennsylvania, and which was not authorized to transact business in New York State. In March of 1962, the plaintiffs sustained damage to their premises caused by a windstorm, and claim that such loss was covered under a policy of insurance issued by the movant. On January 15, 1963, the plaintiff commenced this action to recover under the policy. The moving defendant appeared in the action, and the plaintiff subsequently obtained an order from this court requiring the defendant to post a bond in the sum of $65,000 pursuant to section 59-a of the Insurance Law. On January 31, 1964, the defendant’s charter was terminated in the State of Pennsylvania where it was incorporated.
An unauthorized foreign or alien insurer is required, as a condition precedent to the filing of any pleading in an action, to deposit security or to file a bond in an amount sufficient to secure the payment of any final judgment that may be rendered against it (Insurance Law, § 59-a, subd. 3).
The statute makes it abundantly clear that the public policy of this State is to afford residents protection against the obstacles encountered in pursuing their legal rights against alien insurers in foreign forums. The purpose is accomplished first by making unauthorized foreign insurers subject to the jurisdiction of our courts through service on the Secretary of State, and secondly, by requiring the deposit of money or the filing of a bond to insure a fund for the payment of any judgment that may be obtained in the action (New York State Legislative Annual, 1949, p. 252).
The plaintiffs contend that a dismissal of the action would defeat the very purpose for which section 59-a was enacted. This follows, say the plaintiffs, from the fact that a dismissal would effect a cancellation of the bond, and would relegate them to pursuing their remedies in Pennsylvania against the liquidation of the defendant company’s assets.
*836 The movant, on the other, urges that dismissal must follow under the common-law principle that all actions, either pending or thereafter instituted, abate upon the final dissolution of a corporation (Matter of National Sur. Co. [Pink], 286 N. Y. 216; Matter of National Sur. Co. [Laughlin], 283 N. Y. 68, cert. den. 311 IT. S. 707; Martyne v. American Union Fire Ins. Go. of Philadelphia, 216 N. Y. 183). A judgment subsequently-entered against a foreign corporation is therefore null and void (Matter of National Sur. Co. [Laughlin], supra).
The common-law principle that dissolution of a corporation abates all litigation to which the corporation is a party, has been so subjected to statutory modification as to be almost nonexistent today. Corporation laws and statutes governing practice almost without exception provide for continuance of corporate existence after dissolution. A significant exception, however, does exist under the Insurance Law of this State, the provisions of which can effect complete and total demise not only of domestic insurance companies, but also of companies organized under the laws of other States in which the ‘ ‘ Uniform Insurers Liquidation Act” has been adopted. Pennsylvania has not enacted such legislation. Accordingly, save for procedural statutes such as section 59-a, Empire Mutual Insurance Company is not subject to the provisions of the New York State Insurance Law.
The Legislature has declared there is to be no abatement of a lawsuit such as this where a foreign corporation, whether or not authorized to do business in this State, has assets here (Civ. Prac. Act, § 977-b, subd. 19, now Business Corporation Law, § 1218). Under section 59-a of the Insurance Law, the foreign insurer, as an alternative to filing a bond, may deposit cash or securities with the Clerk of the court. For the plaintiffs ’ purposes, the undertaking is a substitute for the tangible assets enumerated by section 59-a. It would be an anomalous result to conclude that the action continues if cash or securities are deposited but abates if a bond is filed.
The cases cited by the defendant, Empire Mutual Insurance Company, do not require a different result. In the National Sur. Co. cases (283 N. Y. 68, supra) and (286 N. Y. 216, supra), the issues dealt with the effect of foreign judgments obtained after a domestic insurance company was liquidated. In Martyne v. American Union Fire Ins. Co. of Philadelphia (216 N. Y. 183, supra) an attachment as an incident to a lawsuit commenced in New York after dissolution of a Pennsylvania insurance company, was vacated. However, the Court of Appeals noted that the corporate demise was ineffective against assets *837 properly proceeded against in the foreign jurisdiction (Matter of National Sur. Co., 283 N. Y. 68, 77, supra-, Martyne v. American Union Fire Ins. Co. of Philadelphia, 216 N. Y. 183, 194, supra), reaffirming the observation of that court in Rodgers v. Adriatic Fire Ins. Co. (148 N. Y. 34) where it was said (p. 38): “ That the foreign corporation, dissolved and dead in the domicile of its origin, should be deemed alive in the foreign state so far as to save the remedies of its own citizens against property within its own jurisdiction, is entirely possible and not at all unreasonble.”
The defendant’s motion to dismiss the 12th cause of action is denied.
The plaintiffs’ cross motion to strike out the second affirmative defense of Empire Mutual Insurance Company contained in its amended answer, is granted.