## ODUM & COCHRAN *v.* MACON & BIRMINGHAM RAILWAY COMPANY.

1. While exceptions to the judgments in two separate and distinct cases can not be embraced in one petition for certiorari, it is proper to embody in one such petition exceptions to every ruling or judgment, rendered during the progress of a single case, adverse to the party against whom the final judgment is rendered.
2. Under the provisions of the act of November 11, 1901 (Acts 1901, p. 55), the lien of a garnishment process does not attach to payments made by an employer to his employee, before the service of the summons of garnishment, for services to be performed after the payment is made.

Argued October 7, — Decided October 29, 1903.

Garnishment. Before Judge Felton. Bibb superior court. February 10, 1903.

*A. L. Dasher* and *B. J. Dasher,* for plaintiffs.

*Hardeman, Davis, Turner & Jones* and *E. P. Johnston,* contra.

COBB, J. Odum & Cochran obtained a judgment against Mc-Laughlin in the justice's court, and summoned the Macon & Birminghan Railway Company as garnishee. The garnishee answered

that it was not indebted to the defendant, and this answer was traversed. The traverse having gone to the appeal in the justice's court, a verdict in favor of the traverse was returned by the jury. Objection was made to the plaintiffs entering a judgment against the garnishee on this verdict, upon the ground that they had no valid judgment against McLaughlin, it being contended that the judgment was void under the bankrupt act of 1898. The court overruled the objection and entered judgment against the garnishee. The garnishee sued out a certiorari, assigning error in its petition upon the verdict of the jury, and also upon the overruling of its objections to judgment being entered against it, made on the ground that there was no valid judgment against the defendant. When the certiorari came on for a hearing, a motion was made to dismiss it, because the petitioner had assigned error upon two separate judgments. This motion was overruled, and the court entered a judgment sustaining the certiorari. The defendant in certiorari excepts and assigns error upon the rulings above referred to.

1. There was no merit in the motion to dismiss the certiorari. The losing party in a case in a justice's court may embrace in one petition for certiorari exceptions to any and all rulings or judgments rendered against him during the progress of the case in the justice's court. He is not required, and possibly would not be allowed, to file a separate petition for every adverse ruling. It has often been held that two distinct cases can not be brought to this court in one writ of error; and doubtless this rule would be applicable to petitions for certiorari. See *Patterson* v. *Hendrix*, 72 *Ga.* 204 (2); *Parris* v. *Hightower*, 76 *Ga.* 631 (1). But we are aware of no ruling that requires the losing party to file a separate writ of error or a separate petition for certiorari for every exception taken at the trial of the case. See in this connection *Hay* v. *Collins*, 118 *Ga.* 243.

2. Under the uncontradicted evidence introduced upon the trial of the traverse to the garnishee's answer, the railway company was not indebted to McLaughlin at the time of the service of the summons of garnishment, nor did it become so indebted between that date and the time of filing its answer. In the forenoon of April 5, 1902, the company advanced to McLaughlin, who was its employee, one hundred and sixty dollars upon account of his salary. In the afternoon of that day the summons of garnishment was

served.    It is contended that under the provisions of the act of 1901 (Acts 1901, p. 55) the garnishee was liable.    The contention is, that, under the terms of that act, if an employer advances money to his employee, although at the time of making the advance he has no notice of the pendency of any garnishment proceeding, if the summons of garnishment is served before the employee would have earned the amount advanced, the employer is liable to pay to the garnishing creditor that portion of the amount advanced which was unearned at the date of the service of the summons. Such a construction of the act would make its terms so unreasonable and arbitrary that it ought not to be adopted, unless the language of the act imperatively requires it.    We do not think it was the intention of the General Assembly to bring about such a result as that contended for.    The purpose of the act was evidently to alter the rule which had been laid down by this court in several cases, to the effect that, even after a summons of garnishment had been served, no lien would attach upon an advance payment for services to be performed in the future.    See *Standard Wagon Co. v. Lowry*, 94 *Ga.* 614; *McKee* v. *Ga. Cotton Oil Co.*, 99 *Ga.* 107; *Wilson* v. *Georgia Railroad Co.*, 103 *Ga.* 578, and cases cited. The language of the act of 1901 is very broad; the second paragraph of the first section being as follows :  " The service of a summons of garnishment shall in all cases operate as a lien on all the garnishee's indebtedness at the date of the service, and also on all future indebtedness accruing up to the date of the answer; and such lien shall not be defeated by any payments by the garnishee, or overdrafts by the defendant, or other arrangements between the defendant and the garnishee."    This broad language must, however, be construed in connection with the preceding paragraph of the section, and also in the light of the title.    The title indicates that the purpose of the act is to make subject to the lien of the garnishment all the indebtedness of the garnishee accruing after the date of the service of the summons; and this purpose is also fully indicated in the first paragraph of the first section.    Construing the act as a whole, it certainly can not be held that it was the intention of the General Assembly to make subject to the lien of a garnishment amounts which had been paid by the garnishee to the garnishing creditor's debtor before the summons had been served.            *Judgment affirmed.    All the Justices concur.*