## 52747. SHELTON v. BOWMAN TRANSPORTATION, INC. et al.

QUILLIAN, Judge.

The appellant (plaintiff below) brought this action in Fulton Superior Court against Bowman Transportation, Inc. (Bowman) and W. A. Robinson & Associates (Robinson). The complaint alleged that appellant was an employee of Bowman and a member of a labor union; that under the bargaining agreement between the union and the employer "employees shall be discharged, suspended or disciplined, only for reasonable cause"; that the plaintiff was suspended by Bowman without reasonable cause and in violation of the bargaining agreement; that said suspension is the result of a conspiracy between defendants to force the appellant to submit to an unwarranted and unlawful invasion of his constitutional right of privacy; that this conspiracy constituted a joint wilful, malicious and tortious conduct on the part of the defendants. The complaint then alleged that the plaintiff had been damaged, as a result of the conspiracy between the defendants to invade his privacy, in the amount of $500,000. The complaint was filed on November 15, 1974. On December 3, 1974, the case was removed to the United States District Court—Northern District of Georgia. On December 10, 1974, Robinson filed its answer in the United States District Court.

While the case was pending in the federal court the appellees took the appellant's deposition and filed motions for summary judgment. However, before these motions were disposed of the case was remanded to the Fulton Superior Court. The order remanding the case was on August 28, 1975. The case was refiled in the superior court on September 5, 1975.

Robinson then filed what was styled a "motion to open default" on October 10, 1975, along with an answer and a brief. Bowman moved for summary judgment. The trial judge granted Bowman's motion for summary judgment and granted Robinson's motion to open default allowing the answer to be filed.

We are therefore confronted with the correctness of the rulings as to Robinson and as to Bowman. *Held:*

1. It appears from the record that the appellant processed his grievance for his suspension through the proper channels resulting in an arbitration award contrary to his contentions. The result of this award was that the employer had suspended him for reasonable cause.

It is well established that the arbitrator's ruling is binding. See Humphrey v. Moore, 375 U. S. 335 (84 SC 363, 11 LE2d 370); Vaca v. Sipes, 386 U. S. 171 (87 SC 903, 17 LE2d 842). See also Lomax v. Armstrong Cork Co., 433 F2d 1277; Amalgamated Meat Cutters &c. Local No. 540 v. Neuhoff Bros. Packers, Inc., 481 F2d 817.

A conspiracy is a combination of two or more persons to accomplish an unlawful end or to accomplish a lawful end by unlawful means. *Foster v. Sikes,* 202 Ga. 122, 125 (42 SE2d 441). " 'Accurately speaking, *there is no such thing as a civil action for conspiracy.* There is an action for damages caused by acts pursuant to a formed conspiracy, but none for the conspiracy alone. While the crime of conspiracy may be committed without doing any overt act in pursuit of the combination, no civil liability is incurred for the conspiracy, but only for the overt acts of the conspirators.' 5 R. C. L. 1901, § 41. 'Where civil liability for a conspiracy is sought to be imposed, the conspiracy of itself furnishes no cause of action. The gist of the action is not the conspiracy alleged, but the tort committed against the plaintiff and the damage thereby done.' [Cits.]" *Jones v. Spindel,* 113 Ga. App. 191, 193 (147 SE2d 615). Accord, *Sims v. Mayflower Apts.,* 130 Ga. App. 695, 700 (5) (204 SE2d 358).

Where there is a contract terminable at will the party with no authority to discharge the employee may be found liable where he maliciously and unlawfully persuaded the employer to breach the contract with the employee. However, this gives no cause against the employer who had an absolute right to discharge the employee. *Campbell v. Carroll,* 121 Ga. App. 497, 499 (174 SE2d 375).

In this case the matter of the employer Bowman unreasonably discharging or suspending the appellant has already been determined by arbitration. Hence, it is clear that there can be no cause of action based on a

conspiracy by Bowman to discharge the employee, appellant in this case.

Proof offered here showed the appellant's right to privacy in no way was violated since he refused to answer certain questions proposed to him and no attempt was made to obtain an answer to such questions upon such refusal. Therefore it is clear that no actionable wrong has been committed against the plaintiff and there is no basis or proof to sustain a civil action for damages caused by acts pursuant to a conspiracy.

2. Appellant urges the trial judge erred in granting Robinson's motion to open default. It is argued that the time had already expired in which the defendant should do so. We find no merit in such contentions.

First of all, a serious question arises as to whether Robinson was in default at all. See, e.g., *Allen v. Hatchett,* 91 Ga. App. 571 (86 SE2d 662); Dauenhauer v. Superior Court, 149 Cal. App. 2d 22 (307 P2d 724); Lucky Friday Silver-Lead Mines Co. v. Atlas Mining Co., 88 Idaho 11 (395 P2d 477); Bolden v. Brazile, 172 S2d 304, 310.

Nevertheless, assuming there was a default, an ample basis existed for the trial judge's exercise of his discretion under CPA § 55 (Code Ann. § 81A-155; Ga. L. 1966, pp. 609, 659; 1967, pp. 226, 238) to "determine that a proper case has been made for the default to be opened." *Axelroad v. Preston,* 232 Ga. 836 (209 SE2d 178); *Houston v. Lowes of Savannah,* 235 Ga. 201 (219 SE2d 115).

The trial judge did not err in granting Robinson's motion to open default.

*Judgments affirmed. Deen, P. J., and Webb, J., concur.*

ARGUED SEPTEMBER 15, 1976 — DECIDED OCTOBER 28, 1976.

*Saul Blau, J. Nathan Blau,* for appellant.

*Mitchell, Clarke, Pate & Anderson, William M. Pate, Paul H. Anderson, Jr., Harrison, Childs & Foster, David R. Autry,* for appellees.