## 32967. RETAIL UNION HEALTH & WELFARE FUND v. SEABRUM et al.

HILL, Justice.

The defendant, a nonresident insurer not authorized to transact business in this state, issued a life insurance policy on the life of a Georgia resident who was a member of the Retail, Wholesale & Department Store Union. The policy provided for an additional payment in the event of accidental death. The insured was shot and killed in a gunfight. The fund paid the basic benefits but refused to pay the accidental death benefit, contending that one who is the aggressor in combat does not die accidentally.

The beneficiaries filed suit. The fund answered. The plaintiffs moved to dismiss the answer for failure of the defendant to file bond as required by, or otherwise comply with, Code Ann. § 56-610 (1). The defendant responded by challenging the constitutionality of the bond requirement and by tendering bond. The trial court struck the answer and entered default judgment for the plaintiffs. The defendant appeals.

Code Ann. § 56-610 (1) is part of the Unauthorized Insurers Process Act, Code Ann. §§ 56-603 through 56-612.

Code Ann. § 56-610 (1) and (2) provides as follows: "(1) Before any unauthorized insurer shall file or cause to be filed any pleading in any action, suit or proceeding instituted against it, such unauthorized insurer shall either: (a) Deposit with the clerk of the court in which such action, suit or proceeding is pending, cash or securities or file with such clerk a bond with good and sufficient sureties, to be approved by the court, in an amount to be fixed by the court sufficient to secure the payment of any final judgment which may be rendered in such action: Provided, however, that the court may in its discretion make an order dispensing with such deposit or bond where the insurer makes a showing satisfactory to such court that it maintains in a state of the United States funds or securities, in trust or otherwise, sufficient and available to satisfy any final judgment which may be entered in such action, suit or proceeding; or (b) Procure a certificate of authority to transact the business of insurance in this State.

"(2) The court in any action, suit or proceeding in which service is made in the manner provided in sections 56-606 or 56-607, in its discretion, may order such postponement as may be necessary to afford the defendant reasonable opportunity to comply with the provisions of subsection (1) of this section and to defend such action."

The issue we consider is whether the quoted provision requires an unauthorized insurer to file bond (or cash, etc.) before or at the time it responds to the complaint, or whether an unauthorized insurer may file bond (or cash, etc.) in response to a motion to dismiss for noncompliance with the quoted requirement. In order to resolve this issue, it becomes necessary to ascertain the purpose of the requirement.

It is not the purpose of Code Ann. § 56-610 to require an unauthorized insurer to procure a certificate of authority to transact business in this state, as that is merely one of the acts an unauthorized insurer is permitted to take so as to be entitled to defend a suit instituted against it. The purpose of Code Ann. § 56-610 is to provide assurance that any judgment rendered against the insurer may be collected by the insured or beneficiary.

This purpose is found in the terms of the section (cash, securities, bond, etc.) and is made particularly clear by the provision allowing the trial court to dispense with cash deposit and bond upon a showing by the insurer of sufficient available liquid assets to satisfy such judgment as may be rendered against it. Code Ann. § 56-610 (1) (a); see also Code Ann. § 56-306.[1] The Unauthorized Insurers Process Act as a whole, Code Ann. §§ 56-603 through 56-611, is not punitive in nature but is intended, among other purposes, to protect residents of Georgia from ". . . the often insuperable obstacle of resorting to distant forums for the purpose of asserting legal rights." Code Ann. § 56-604.[2]

---

[1] Plaintiffs point out that there was at one time a requirement that a tenant defending against a dispossessory warrant post bond for rent at the time he filed his answer and that failure to post such bond resulted in his being dispossessed. See *Mountain Hardwoods &c., Inc. v. Coosa River Sawmill Co.,* 132 Ga. App. 224 (207 SE2d 643) (1974). That decision was reversed on certiorari, 233 Ga. 414 (211 SE2d 712) (1975), and its reversal shows that courts abhor forfeiture of the right to defend and favor adjudication of litigation on the merits. Moreover, the purpose of the bond requirement in landlord-tenant dispossessory proceedings was to remove the advantage (holding over without paying rent) from delayed adjudication caused by spurious defenses. The Act in issue in this case in § 56-611 allows attorney fees where it appears that the refusal to pay on demand was vexatious and without reasonable cause. The purpose of the bond requirement in § 56-610 (1) is not the same as the bond requirement in dispossessory cases.

[2] "The purpose is accomplished first by making unauthorized foreign insurers subject to the jurisdiction of our courts through service on the Secretary of State, and secondly, by requiring the deposit of money or the filing of a bond to insure a fund for the payment of any judgment that may be obtained in the action. [Cit.]" *Dean Construction Co. v. Agricultural Ins. Co.,* 249 NYS2d 247, 249 (1964).

Code Ann. § 56-610 (1) assumes that an unauthorized insurer will file the required cash, securities or bond at the time of filing defensive pleadings. It does not set forth what the consequences shall be against an unauthorized insurer which files its defensive pleadings before meeting the requirements of that provision. Therefore we must determine the consequences in view of the purpose of the legislation. *Barton v. Atkinson,* 228 Ga. 733 (1) (187 SE2d 835) (1972); *Odum & Cochran v. Macon & B. R. Co.,* 118 Ga. 792 (2) (45 SE 619) (1903); *Henderson v. Alexander,* 2 Ga. 81, 87 (1847); Code Ann. § 102-102 (9).

In *Renfroe v. Colquitt,* 74 Ga. 618 (2a) (1885), the court said: "Forfeitures are not favored, and courts incline against them. When a statute may be construed so as to give a penalty, and also so as to withhold the penalty, it will be given the latter construction. . ." Forfeitures are not favored by legislators, either. A default may be opened as a matter of right during the first 15 days (Code Ann. § 81A-155 (a)), and even thereafter in the discretion of the court under certain conditions, Code Ann. § 81A-155 (b). In fact, whereas forfeitures are not favored, resolution of legal disputes upon their merits is favored. See, for example, Code Ann. §§ 81A-101, 81A-108 (f), 81A-112 (g), (h), 81A-113 (f), 81A-115 (a).

The Unauthorized Insurers Process Act has been adopted in 40 states. See 27 Burns Indiana Statutes Annotated, p. 357 (Code Ed. 1975). It was adopted in Georgia in 1950. Although Code Ann. § 56-603 (a) provides that it shall be interpreted to effectuate its general purpose to make uniform the law of those states which enact it, no compilation of cases construing the Act has been cited or found.

However, those authorities which have been located are consistent with our holding in this case.

Akron Company v. Fidelity General Ins. Co., 250 FSupp. 201 (ND Ohio, 1964), was a diversity of citizenship suit brought in Ohio against an Illinois insurance company not qualified in Ohio. On plaintiff's motion to strike the defendant's answer, the court held that Ohio's version of the Unauthorized Insurers Process Act was applicable in a diversity case in federal court but refused to strike the defendant's answer. Instead the court

granted the defendant 10 days to decide whether to comply with the bond requirement statute. The significance of this decision is that although the required bond had not been filed with the defendant's answer, the defendant was afforded an opportunity to file the bond before having its answer stricken. In Toomer v. Southwest Casualty Ins. Co., 231 FSupp. 542 (SD Tex. 1964), an admiralty action, the unauthorized insurer was also allowed to post bond even though it had answered without first doing so.

We find that when an unauthorized insurer timely files defensive pleadings and then fully complies with the requirements of Code Ann. § 56-610 (1) within a reasonable time following notice that the provisions of that section are applicable, then that section does not command a forfeiture of the right to litigate the merits of the dispute. Akron Company v. Fidelity General Ins. Co., supra. Code Ann. § 56-610 (2), quoted above, is consistent with this interpretation.

In view of this holding, appellee's motion for damages is denied and appellant's other enumeration of error need not be reached.

*Judgment reversed. All, the Justices concur.*

ARGUED NOVEMBER 17, 1977 — DECIDED JANUARY 18, 1978 — REHEARING DENIED FEBRUARY 8, 1978.

*Adair, Goldthwaite & Daniel, T. Emory Daniel,* for appellant.

*Ralph T. Bowden, Jr., John W. Spears,* for appellees.