### 36162. COTTON v. FEDERAL LAND BANK OF COLUMBIA.

MARSHALL, Justice.
On August 18, 1975, the Federal Land Bank of Columbia filed separate complaints in the Superior Court of Gwinnett County seeking judgments upon which the foreclosure of two security deeds could be based. The suits were served on August 19, 1975. On September 18, 1975, defendant Cotton filed in the superior court a copy of a petition for removal of the actions in the federal court. The

record does not show when this petition was filed in the federal court. A copy of a purported answer and counterclaim, under the heading, "In the United States District Court for the Northern District of Georgia, Atlanta Division," was attached to the copy of the removal petition. After the removal petition was considered by the U. S. District Court, the case was remanded to the state court on the ground that the federal court lacked subject-matter jurisdiction. The remand order was entered on December 22, 1975, and filed in the state court on December 29, 1975. The case was heard by the superior court on February 22, 1979. On March 23, the court entered an order stating that the defendant was "in default and that the plaintiff should be allowed to proceed to exercise the powers of sale contained in the deeds to secure debt." Appellant filed a notice of appeal. Subsequently, the trial court, by nunc pro tunc order, stated that the term "in default," as used in the original order, meant "in default on the Federal Land Bank Loans."

The Court of Appeals upheld the judgment for the appellee bank, holding that, under the provisions of 28 USCA § 1446 (e), the appellant's act of filing a copy of the removal petition deprived the state court of jurisdiction of the case; that, until the case was remanded to the state court, the appellant could not file an effective responsive pleading in the state court; and that, since the appellant failed to file an effective answer, the appellant was in default. *Cotton v. Federal Land Bank,* 153 Ga. App. 298 (265 SE2d 59) (1980). We granted the writ of certiorari to determine the efficacy of the appellant's answer. *Held:*

"There is substantial case precedent that removal to a federal court pursuant to 28 USCA § 1446 halts all further proceedings in the state court, which thereupon loses jurisdiction unless and until the case is remanded. See, e.g., Chesimard v. Kuhlthau, 370 FSupp. 473 (DNJ 1974); Sands v. Geller, 321 FSupp. 558, 559 (SDNY 1971); Fossey v. State, 254 Ind. 173 (258 NE2d 616) (1970); State v. NAACP, 90 S2d 884 (La. App. 1956); Hopson v. North American Ins. Co., 71 Idaho 461 (233 P2d 799) (1951). Further, as the United States Supreme Court held in Kern v. Huidekoper, 103 U. S. 485 (1881), any proceedings in a state court *after removal* of a case to federal court are null and void and must be vacated. The only exception occurs when a case is subsequently shown not to have been removable." (Emphasis supplied.) *Styers v. Pico, Inc.,* 236 Ga. 258, 259 (223 SE2d 656) (1976). See also *Sayers v. Rothberg,* 222 Ga. 626 (151 SE2d 445) (1966), citing *Allen v. Hatchett,* 91 Ga. App. 571, 576 (86 SE2d 662) (1955).

With regard to the *timeliness* of the filing of the purported answer, it must be noted that it occurred not *after* the removal was

completed by the filing in the state court, but *simultaneously* with the filing. In this connection, it has been held that a defendant does not waive his right to remove the case to federal district court when he answers in the state court and then files a timely petition for removal. Haun v. Retail Credit Co., 420 FSupp. 859 (D.C. Pa. 1976). Thus, those cases which hold that no answer can be filed in state court *after* entry of the order removing the case to federal court because there is no longer a suit pending in state court, are not applicable here. See Town of Edenton v. Hervey Foundation, 71 FSupp. 998 (D.C.N.C. 1947); Janoske v. Porter, 64 F2d 958 (C. C. A. Ill. 1933). Although the state court could not *proceed* on the actions while they were pending in federal court, nevertheless the purported answer, having been filed simultaneously with the removal petition, lay dormant in the state court until the remand to that court breathed life into it, so as to prevent a default. Although not strictly analogous, the situation is similar to the rule that "if the notice is sufficient to advise the opposing party that an appeal is being taken from a specific judgment, and if no prejudice will result to the appellee in allowing the appeal, then the appeal should not be dismissed merely because the notice was premature." *Kenerly v. Yancey,* 144 Ga. App. 295 (1) (241 SE2d 28) (1977). "[T]he modern trend is toward relaxation of hypertechnical constructions which prevent appellate courts from reaching the merits of an appeal when notice came too early rather than too late. Thus, in *Gillen v. Bostick,* 234 Ga. 308 (215 SE2d 676) (1975), our Supreme Court overruled [*Gibson v. Hodges,* 221 Ga. 779 (147 SE2d 329) (1966)], and similar cases." Id., (1).

Under federal practice, a removed case proceeds according to the Federal Rules of Civil Procedure and is treated as though it had been commenced originally in the federal court. Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers, etc., 415 U. S. 423, 437 (94 SC 1113, 39 LE2d 435) (1974); People of the State of Illinois ex rel. Bowman v. Home Fed. Savings & Loan Assn., 521 F2d 704, 707 (7th Cir. 1975). Repleading according to the federal rules is generally not required unless there is a substantial difference between the state and federal practice. Borton v. Connecticut Gen. Life Ins. Co., 25 FSupp. 579 (D.C. Neb. 1938); 14 Wright, Miller & Cooper, Fed. Prac. & Proc., Civil, 747, § 3738 (1976 Ed.). Where, as here, a pleading (assuming it meets the statutory requirements of a pleading, as discussed hereinafter) has been timely filed, logic, reasoning and comity all support the conclusion that a similar rule should be applied by the Georgia courts upon remand. Since the Georgia Civil Practice Act and the Federal Rules of Civil Procedure are similar in most respects, the instances in which repleading would

be required would be few, and such requirement should be upon directive of the trial court.

A similar situation arose in *Shelton v. Bowman Transp.,* 140 Ga. App. 248 (2) (230 SE2d 762) (1976), in which an answer was filed in federal court after removal of the action from state court. Upon remand, the state court granted the motion of the litigant who had removed the action to open default. The Court of Appeals held: "First of all, a serious question arises as to whether [movant] was in default at all. See, e.g., *Allen v. Hatchett,* 91 Ga. App. 571 (86 SE2d 662); Dauenhauer v. Superior Court, 149 Cal. App. 2d 22 (307 P2d 724); Lucky Friday Silver-Lead Mines Co. v. Atlas Mining Co., 88 Idaho 11 (395 P2d 477); Bolden v. Brazile, 172 S2d 304, 310.

"Nevertheless, assuming there was a default, an ample basis existed for the trial judge's exercise of his discretion under CPA § 55 (Code Ann. § 81A-155; Ga. L. 1966, pp. 609, 659; 1967, pp. 226, 238) to 'determine that a proper case has been made for the default to be opened.' *Axelroad v. Preston,* 232 Ga. 836 (209 SE2d 178); *Houston v. Lowes of Savannah,* 235 Ga. 201 (219 SE2d 115)."

Accordingly, where, as here, the answer had already been timely filed, "the jurisdiction of the State court was suspended until the case was remanded to it by the Federal court, at which time the State court resumed jurisdiction, and *the case stood as it did at the time of removal.*"(Emphasis supplied.) *Allen v. Hatchett,* 91 Ga. App. 571, supra, p. 576. Even if no answer had been filed, one could be filed upon remand to the state court if sufficient time remained; otherwise, a motion to open the default, upon payment of costs, could be utilized, as in *Shelton,* 140 Ga. App. 248, supra.

With regard to the *sufficiency* of the purported answer as a pleading, Code Ann. § 81A-108 (e) (1) provides in part that "No technical forms of pleading or motions are required." Section 81A-108 (f) provides, "All pleadings shall be so construed as to do substantial justice." The well established rule in Georgia is that, under our system of notice pleading, the substance, rather than the nomenclature, of legal pleadings determines their nature. *Frost v. Frost,* 235 Ga. 672, 674 (221 SE2d 567) (1975); *Mickas v. Mickas,* 229 Ga. 10 (2) (189 SE2d 81) (1972). "The Civil Practice Act pleading requirements are to be construed liberally and in favor of the pleader, in furtherance of the 'basic premise' behind the Act — to substitute 'notice pleading' for 'issue pleading.' . . . '[P]leadings are intended to serve as a means of arriving at fair and just settlements of controversies between litigants. They should not raise barriers which prevent the achievement of that end.' Maty v. Grasselli Chemical Co., 303 U. S. 197, 200 (58 SC 507, 82 LE 745)." *Tahamtan v. Dixie Ornamental Iron Co.,* 143 Ga. App. 561 (239 SE2d 217)

(1977) and cits. Therefore, we hold that the copy of the purported answer, whether it be considered to have been filed first in state or federal court, was sufficient as a responsive pleading, which could be amended, if necessary, under our rather liberal amendment statute. Code Ann. § 81A-115.

Accordingly, the Court of Appeals erred in holding that the appellant was *procedurally* in default, and that, as a consequence, the appellee was entitled to judgment as if the allegations of the complaint were supported by proper evidence. However, the Court of Appeals recognized in Division 3 of its opinion that the trial court's order, even disregarding its questionable construction by the trial court after the filing of the notice of appeal, can be construed also to mean that the appellant was in default on the Federal Land Bank loans. Because we are holding that there was no procedural default, we ordered the trial court to enter and file for transmittal to this court the findings of fact and conclusions of law on which its judgment was based. Such findings and conclusions, having been so filed, support the judgment, in that it was concluded that the uncontroverted evidence showed that the defendant was in default on the notes and deeds to secure debt, and that there was no evidence introduced at the hearing which would allow the defendant to prevent the plaintiff from exercising its power of sale in the deeds to secure debt.

Therefore, the Court of Appeals' judgment of affirmance, though based upon the erroneous reason of procedural default, is the correct result based upon the evidence, and that judgment is therefore affirmed.

*Judgment affirmed. All the Justices concur.*

ARGUED MAY 12, 1980 — DECIDED JUNE 25, 1980 —
REHEARINGS DENIED
JULY 15 AND JULY 29, 1980.

*Stacey W. Cotton, J. Michael Lamberth,* for appellant.
*Jones, Webb, Webb, Fowler, Tanner & Edmondson, J. L. Edmondson,* for appellee.