## 38462. TEAMSTERS LOCAL 515 et al. v. ROADBUILDERS, INC., OF TENNESSEE.

HILL, Presiding Justice.

In May 1979, members of Teamsters Local 515 went on strike against their employer, Roadbuilders, Inc., of Tennessee, and picketed Roadbuilders' plant. In response, Roadbuilders filed a complaint in superior court against, among others, the International Brotherhood of Teamsters, Chauffeurs and Warehousemen of America, its affiliate Teamsters Local 515, and George D. Blaylock (defendants), alleging various violations of Code Ch. § 54-8 ("Interference with Employment or Work. Picketing"). Road-builders sought a temporary restraining order and interlocutory and permanent injunctions against the defendants. The superior court granted an ex parte temporary restraining order on May 8, 1979, and apparently the strike ended.

The defendants did not file an answer to the complaint. Instead, they filed a pleading (with supporting memorandum) denominated as a "Motion to dissolve temporary restraining order, Opposition to interlocutory injunction and Motion to dismiss complaint" which enumerated several defenses to the action (including as one ground that the union did not authorize the actions complained of). On May

22, 1979, the superior court entered an order striking the defendants' motion to dissolve the temporary restraining order and granting the plaintiff's request for an interlocutory injunction. Defendant's motion to set aside this order, with supporting memorandum, was filed but not acted upon at that time.

The case then lay dormant for almost a year, until on May 12, 1980, the plaintiff amended its complaint by adding a claim against "Teamsters, Chauffeurs and Warehousemen of America, George D. Blaylock . . . and International Brotherhood of Teamsters, Chauffeurs and Warehousemen of America" for monetary damages suffered from lost business and property damage during the strike. On May 29, 1980, the defendants caused the case to be removed from superior court to the U. S. District Court. An answer to the amended complaint was filed in the district court on May 30, 1980. The case was remanded to superior court on November 24, 1980, due to lack of subject matter jurisdiction.

On January 15, 1981, the plaintiff filed a second amendment to its complaint which restated the damage claim to be against "Teamsters Local 515, . . . George D. Blaylock, . . . and International Brotherhood of Teamsters, Chauffeurs and Warehousemen of America." On January 26, 1981, the defendants filed in superior court an answer to the second amended complaint denying liability.

On February 2, 1981, the plaintiff made a motion to strike the defendants' answer and a motion for partial summary judgment as to liability for damages, asserting that the defendants had not answered the original complaint or the first amended complaint within 30 days and therefore were in default. After a hearing, the superior court issued an order denying the defendants' still pending motion to set aside the interlocutory injunction and granting the plaintiff's motion for partial summary judgment on the ground of default. The defendants appeal these rulings.

1. The plaintiff contends that the defendants have been in continuous default since they failed to answer the original complaint within the 30 days allowed by Code Ann. § 81A-112 (a) and therefore they were properly held in default as to the claim for damages added by amendment.

We disagree. The plaintiff's original complaint only stated a claim for injunctive relief and the defendants were in default as to that issue. See *Times-Journal, Inc. v. Jonquil Broadcasting Co.,* 226 Ga. 673 (2) (177 SE2d 64) (1970); but see *Nelson v. Bloodworth,* 238 Ga. 264 (1) (232 SE2d 547) (1977). However, the claim for damages was added by amendment almost one year after the filing of the original complaint. Although such an amendment may relate back to the date of the filing of the original pleading for statute of limitation

purposes, Code Ann. § 81A-115 (c), see also 3 Moore's Federal Practice ¶¶ 15.06, 15.15[3], not every amendment "relates back" for the purposes of determining default as to the amendment. To hold otherwise would permit a plaintiff to obtain judgment by default on any number of additional, even spurious, claims simply by adding them by amendment once the defendant was in default on the original complaint. We therefore hold that after a defendant is in default as to a complaint seeking injunctive relief, when the complaint is amended to claim damages, the defendant has 30 days (Code Ann. § 81A-112 (a)) from the date of the amendment to file an answer in superior court before becoming in default on the claim for damages. See *Lambert v. Gilmer,* 228 Ga. 774, 776 (187 SE2d 855) (1972); *Stroud v. Elias,* 247 Ga. 191, 192 (275 SE2d 46) (1981); 47 AmJur2d Judgments § 1177.

2. The plaintiff also contends that the defendants were in default as to the first amendment to the complaint because they failed to answer that amendment in superior court within 30 days. The plaintiff's first amendment to the complaint was filed on May 12, 1980. The defendants removed the case to district court on May 29, 1980, within the time allowed by law, 28 USCA § 1446 (b), and filed an answer to the amended complaint in that court on May 30, 1980. The answer filed in district court was timely. Fed. R. Civ. P. Rule 81 (c). The question becomes whether a timely answer filed in district court after timely removal of an action from superior court is to be considered in determining default once the case is remanded.

At the outset, it should be noted that judgment by default is necessary and proper where a defendant ignores a court's summons or order commanding the defendant to respond to a complaint. Here, however, the defendants did not refuse to respond. They appeared through counsel, opposing entry of interlocutory relief, and moved to dissolve the temporary restraining order and to dismiss the complaint. Being unsuccessful in court and with the strike enjoined and apparently ended, they took no further action in response to the complaint for injunctive relief. But when the claim for damages was added, by service upon defendants' counsel of record, the defendants promptly took steps to defend the damage claim by timely removal of the case to the district court and timely answering the amendment there.

A factual situation similar to that presented here was addressed in *Cotton v. Federal Land Bank,* 246 Ga. 188 (269 SE2d 422) (1980), the only pertinent difference being that in *Cotton* a copy of the answer filed in district court was attached to the removal petition filed in superior court. We noted that: "Under federal practice, a removed case proceeds according to the Federal Rules of Civil

Procedure and is treated as though it had been commenced originally in the federal court. [Cits.] Repleading according to the federal rules is generally not required unless there is a substantial difference between the state and federal practice. [Cits.] Where, as here, a pleading . . . has been timely filed, logic, reasoning and comity all support the conclusion that a similar rule should be applied by the Georgia courts upon remand. Since the Georgia Civil Practice Act and the Federal Rules of Civil Procedure are similar in most respects, the instances in which repleading would be required would be few, and such requirement should be upon directive of the trial court." *Cotton v. Federal Land Bank,* supra, 246 Ga. at 190-91. Thus, we held in *Cotton* that a defendant who files in state court with his petition for removal a copy of his answer to be filed in district court is not in default upon remand.

Both courts and legislators "abhor forfeiture of the rights to defend and favor adjudication of litigation on the merits." *Retail Union Health &c. Fund v. Seabrum,* 240 Ga. 695, 697 n. 1, 698 (242 SE2d 18) (1978); Code Ann. § 81A-155. By virtue of the answer filed in district court the plaintiff here was on notice that the defendants were contesting liability for damages and aware of the defenses being asserted. To distinguish this case from *Cotton,* supra, and hold that the defendants were in default simply because, when the case was removed, they failed to file in superior court a copy of the answer filed in federal court would merely create a trap for the imprudent litigant who expects the case to remain in district court and would violate the rule that " 'pleadings are intended to serve as a means of arriving at fair and just settlements of controversies between litigants. They should not raise barriers which prevent the achievement of that end.' [Cits.]" *Cotton v. Federal Land Bank,* supra, 246 Ga. at 191.

Prudent practitioners in this state have been of the view that the filing of an answer in state court at the time of removal was mandatory to prevent default upon remand. Surprisingly, no Georgia case requiring such practice has been found. The time has passed when technical rules were applied to those who sought unsuccessfully to remove cases to the federal courts. We therefore hold that a timely answer filed in district court following timely removal of the action is sufficient to prevent a default in a state court if the case is subsequently remanded from district court. *Cotton v. Federal Land Bank,* supra. See *Shelton v. Bowman Transp. Inc.,* 140 Ga. App. 248 (2) (230 SE2d 762) (1976). Accord Edward Hansen, Inc. v. Kearny Post Office Assoc., 166 N. J. Super. 161 (399 A2d 319) (1979). Cf. Citizens Nat. Bank v. First Nat. Bank, 165 Ind. App. 116 (331 NE2d 471, 476-77) (1975); Bolden v. Brazile, 172 S2d 304, 310 (La. Ct. of App. 1965). The superior court erred in ruling that the defendants

were in default on the claim for damages. (Due to our holding that the answer filed in district court was sufficient to prevent a default judgment we need not consider the timeliness of the answer filed in superior court following the second amendment to the complaint.)

3. The defendants contend that the superior court erred in denying their motion to set aside the interlocutory injunction because the strike activity had ended and the issue was therefore moot. We disagree. Merely because a party has complied with temporary restraining order or interlocutory injunction by ceasing the enjoined activity does not necessarily render the permanent injunctive issues moot. The superior court did not abuse its discretion by refusing to set aside the interlocutory injunction on this ground.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED MAY 25, 1982.

*Gerber, Gerber & Agee, Lynn Agee, Tim Edwards, Frederick D. McLam, Ross L. Hatcher III,* for appellants.
*Frank E. Specht, Dennis D. Watson,* for appellee.

