**FOURTH DIVISION**
**BARNES, P. J.,**
**RAY and MCMILLIAN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

November 10, 2015

# In the Court of Appeals of Georgia

A15A1590. McKETHAN v. WELLS FARGO BANK, N. A.

BARNES, Presiding Judge.

Pamela McKethan appeals from the trial court's grant of default judgment to Well Fargo Bank, N. A. on the bank's action seeking reformation of a security deed to correct errors in the legal description of the subject property, and to secure its interest in the property. McKethan contends that the trial court erred in granting the default judgment because Wells Fargo failed to file an affidavit of non-military service pursuant to 50 USCS Appx § 521, and McKethan filed a timely motion to dismiss which should have been construed as an answer. Because the motion to dismiss was sufficient to construe an answer, we reverse.

On appeal, we review a trial court's entry of default judgment for abuse of discretion. *Edenfield & Cox, P.C. v. Mack*, 282 Ga. App. 816 (640 SE2d 343) (2006).The facts demonstrate that on May 31, 2007, McKethan obtained title to the subject property and on June 1, 2007, she transferred title, by quitclaim deed, to the

property to Home Bound Investment Group, LLC, ("HBIG"), a limited liability company of which McKethan was the only member. The original warranty deed and quitclaim deed were both recorded in Cobb County on June 11, 2007. On October 26, 2007, McKethan obtained a loan from Wachovia Bank for $101,000 which she secured with the subject property. She executed a security deed conveying the property to Wachovia which was also recorded.

On January 13, 2014, Wells Fargo brought an action against HBIG and McKethan in the Superior Court of Cobb County seeking to reform the security deed to correct the legal description and to include HBIG's interest in the property. On April 30, 2014, by order of the superior court, McKethan was served by publication pursuant to OCGA § 9-11-4 (f) (1), and required to file an answer within 60 days of the date of the order for publication.

McKethan did not file a responsive pleading, but on June 27, 2014, she filed a pro se notice of removal to the United States District Court for the Northern District of Georgia, citing as a basis for removal federal question jurisdiction and diversity of the parties. She also filed a pro se motion to dismiss Wells Fargo's complaint in the District Court. Thereafter, Wells Fargo filed a motion to remand, which, on November 12, 2014, the District Court granted after finding that all of Wells Fargo's claims arose

2

under state law rather than federal law, and that removal to federal court was not proper based on the diversity of the parties because McKethan "is a citizen of the state in which Wells Fargo brought suit." The District Court also denied McKethan's motion to dismiss for lack of subject matter jurisdiction, and remanded the case to the Superior Court of Cobb County.

On January 9, 2015, Wells Fargo filed a motion for default judgment based on McKethan's failure to file an answer or any pleadings to its complaint within 60 days of the order allowing service by publication, even taking into account the time period tolled due to the removal to federal court. It further maintained that more than 15 days had passed since the date of default, and thus the default could not be opened as a matter of right within the period permitted by OCGA § 9-11-55 (a). The trial court granted the motion and entered a default judgment for Wells Fargo. It also ordered that legal descriptions in the warranty, security, and quitclaim deeds be reformed to correct them, and that the Security Deed be reformed to include HBIG as a grantor and be declared a first priority lien against the subject property. McKethan appeals from that order.

1. McKethan contends that the trial court erred in granting a default judgment against her because Wells Fargo failed to file an affidavit of non-military service

3

pursuant to 50 USCS Appx. §521 (b) ("Protection of Servicemembers Against Default Judgments"). However, she does not assert that she is an active service member who should be afforded that protection under the Service Members Civil Relief Act, 50 USCS Appx §§ 501 et seq. McKethan instead argues that in any civil proceeding in which the defendant does not make an appearance, the trial court must require the plaintiff to provide an affidavit stating whether or not the plaintiff is in military service.

Even assuming without deciding that Wells Fargo was required to file an affidavit showing that McKethan was not an active service member, see *In re Hampson*, 429 B.R. 360, 362 (Bankr. N.D. Ga. 2009), 50 USCS Appx § 521 (g) (1) further provides that

> [i]f a default judgment is entered in an action covered by this section against a servicemember during the servicemember's period of military service (or within 60 days after termination of or release from such military service), the court entering the judgment shall, upon application by or on behalf of the servicemember, reopen the judgment for the purpose of allowing the servicemember to defend the action if it appears that– (A) the servicemember was materially affected by reason of that military service in making a defense to the action; and (B) the servicemember has a meritorious or legal defense to the action or some part of it.

Thus, even if McKethan was entitled to protection under the Act, her recourse was to file an application in the trial court to open the default on that basis pursuant to 50 USCS Appx § 521 (g) (1), and this she has not done.[1] Accordingly, this enumeration fails.

2. McKethan also contends that the trial court erred in granting Wells Fargo's default judgment because her timely-filed a motion to dismiss in the District Court, should have been construed as an answer. We agree.

Here, McKethan was served by publication on April 30, 2014, and given 60 days to file an answer. The notice of removal to the District Court was filed on June 27, 2014, and on the same day McKethan filed a motion to dismiss. The Superior Court lost jurisdiction until the case was remanded by the District Court on November 12, 2014. 28 USCS § 1446 (d); *Cotton v. Fed. Land Bank of Columbia*, 246 Ga. 188, 189 (269 SE2d 422) (1980). When the case was removed, the 60-day period for filing an answer in the Superior Court had not expired. Until the Superior Court resumed jurisdiction pursuant to the remand from the District Court, no responsive pleadings could be filed in the Superior Court, and the running of the 60-day period for filing an

---

[1] We note that there is no indication in the record that McKethan presently or formerly served in the military.

5

answer in the Superior Court was suspended. *Allen v. Hatchett*, 91 Ga. App. 571, 576-577 (1) (86 SE2d 662) (1955). When the District Court remanded the case to the Superior Court, "the case stood as it did at the time of removal," and the remaining portion of the 60-day period for filing an answer in the Superior Court commenced to run. Id. at 577. Despite the recommencing of the 60-day period, McKethan had not filed an answer in superior court at the time the trial court entered the default judgment.

Our courts have held, however that,

> [u]nder federal practice, a removed case proceeds according to the Federal Rules of Civil Procedure and is treated as though it had been commenced originally in the federal court. Repleading according to the federal rules is generally not required unless there is a substantial difference between the state and federal practice. Where, as here, a pleading [McKethan's motion to dismiss in the district court]... has been timely filed, logic, reasoning and comity all support the conclusion that a similar rule should be applied by the Georgia courts upon remand. Since the Georgia Civil Practice Act and the Federal Rules of Civil Procedure are similar in most respects, the instances in which repleading would be required would be few, and such requirement should be upon directive of the trial court. Thus, . . . a *defendant who files in state court with his petition for removal a copy of his answer to be filed in district court is not in default upon remand.*

(Citations and punctuation omitted; emphasis supplied.) *Teamsters Local 515 v. Roadbuilders, Inc. of Tenn.*, 249 Ga. 418, 420 (2) (291 SE2d 698) (1982), overruled in part on other grounds, *Shields v. Gish*, 280 Ga. 556, 557 (1) (629 SE2d 244) (2006).

With regard to the sufficiency of McKethan's motion to dismiss as a purported answer, in Georgia, under our system of notice pleading, the substance, rather than the nomenclature, of legal pleadings determines their nature. *Frost v. Frost*, 235 Ga. 672, 674 (1) (221 SE2d 567) (1975).

> The Civil Practice Act pleading requirements are to be construed liberally and in favor of the pleader, in furtherance of the basic premise behind the Act — to substitute notice pleading for issue pleading. Pleadings are intended to serve as a means of arriving at fair and just settlements of controversies between litigants. They should not raise barriers which prevent the achievement of that end.

(Citations and punctuation omitted.) *Cotton v. Federal Land Bank of Columbia*, 246 Ga. 188, 191 (269 SE2d 422) (1980).

The required elements of an answer are set forth in OCGA § 9-11-8 (b) as follows:

> A party shall state in short and plain terms his defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies. If he is without knowledge or information sufficient to form

a belief as to the truth of an averment, he shall so state, and this has the effect of a denial. Denials shall fairly meet the substance of the averments denied. When a pleader intends in good faith to deny only a part or a qualification of an averment, he shall specify so much of it as is true and material and shall deny only the remainder.... [and] when he does so intend to controvert all its averments, he may do so by general denial....

Wells Fargo sought equitable reformation of its security deed due to mistake or fraud, unjust enrichment, and a declaratory judgment determining property ownership. In her motion to dismiss, McKethan raised affirmative defenses, and contended that the statute had run on Wells Fargo's claims, that it refused to accept loan payments, and that it was solely responsible for any errors in the deed or loan documents because it deliberately avoided its own underwriting guidelines.

Thus, given that "a timely answer filed in district court following timely removal of the action is sufficient to prevent a default in a state court if the case is subsequently remanded from district court," *Teamsters*, 249 Ga. at 421 (2), and McKethan's motion to dismiss was sufficient to put Wells Fargo on notice that she had contested its claims in federal court, the trial court erred in granting Wells Fargo a default judgment.

*Judgment reversed. Ray, J., concurs. McMillian, J., concurs in judgment only.*