**FOURTH DIVISION
MCFADDEN, P. J.,
WATKINS and PADGETT, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**June 11, 2026**

# In the Court of Appeals of Georgia

A26A0145. WADDLE TRUCKING OF MISSISSIPPI, INC. v. JOHNSON et al.

MCFADDEN, Presiding Judge.

Waddle Trucking of Mississippi, Inc. appeals from an order granting the plaintiffs' motion for entry of a default judgment in this personal injury action. It argues that it was never in default because it filed an answer in federal court, where the case was pending after a codefendant had removed it. We agree and so we reverse.

1. *Background*

Sarah Bryant and Aileen Johnson filed a personal injury action in the State Court of Clayton County against Waddle, National Casualty Company, and other defendants for injuries they allege that they sustained in a motor vehicle collision. Waddle was served with the summons and complaint on March 21, 2023.

On March 30, 2023 — while Waddle still had 21 days to file an answer in state court, see OCGA § 9-11-12(a)(1) ("a defendant shall serve an answer within 30 days after the service of the summons and complaint") — National Casualty removed the case to the United States District Court for the Northern District of Georgia based on diversity jurisdiction.

Waddle filed an answer in the district court on August 29, 2023. The answer was untimely under Fed.R.Civ.P. 81(c)(2). On September 11, 2023, the plaintiffs filed a motion in the district court for entry of default judgment or in the alternative to strike Waddle's answer. Waddle filed a response, explaining that the delay in filing its answer was due to administrative oversight. The appellate record contains no district court ruling on the plaintiffs' motion.

Almost a year later, on August 12, 2024, the district court remanded the case to the State Court of Clayton County on the ground that the amount in controversy did not meet the statutory threshold. . When the case was remanded, "the [s]tate court resumed jurisdiction, and the case stood as it did at the time of removal." *Allen v. Hatchett*, 91 Ga. App. 571, 577(1) (86 SE2d 662) (1955).

Three days after the case was remanded, the plaintiffs filed in the state court a renewed motion for entry of default judgment against Waddle. But Waddle still had 18 days in which to file its answer and the case was not in default. *Allen*, 91 Ga. App. at 576-77(1). Nonetheless, Waddle did not file an answer in the state court, nor did it file a response to the plaintiffs' motion.

On November 14, 2024, the state court granted the plaintiffs' motion for entry of default judgment and scheduled a trial on damages. The state court certified its order for immediate review, we granted Waddle's application for interlocutory appeal, and this appeal followed.

2. *Analysis*

Generally, "[w]e review an appeal from a trial court's ruling on a motion for default judgment for abuse of discretion." *Moore-Waters v. Met-Test*, 335 Ga. App. 761 (782 SE2d 848) (2016). "But the facts relevant to the [trial court's] decision were not in dispute, and thus a de novo review [is] proper." *City of Marietta v. Summerour*, 302 Ga. 645, 656 n.5(3) (807 SE2d 324) (2017).

 "[A] timely answer filed in district court following timely removal of the action is sufficient to prevent a default in a state court if the case is subsequently remanded

from district court." *Teamsters Local 515 v. Roadbuilders, Inc. of Tennessee*, 249 Ga. 418, 421(2) (291 SE2d 698) (1982), overruled in part on other grounds, *Shields v. Gish*, 280 Ga. 556, 557(1) (629 SE2d 244) (2006). We hold that under the circumstances of this case, Waddle's answer, even though untimely under Fed.R.Civ.P. 81(c)(2), prevented default in state court.

As noted, when the case was remanded from the district court, Waddle still had time to file an answer to the complaint and it was not in default. See *Cotton v. Fed. Land Bank of Columbia*, 246 Ga. 188, 191 (269 SE2d 422) (1980) ("Even if no answer had been filed, one could be filed upon remand to the state court if sufficient time remained[.]"). And the answer filed in district court, albeit untimely in that court, had a continued effect because the district court had not stricken it and default had not been entered under Fed.R.Civ.P. 55. See *Ayres v. Wiswall*, 112 US 187, 190-91 (1884) ("It will be for the [s]tate court, when the case gets back there, to determine what shall be done with pleadings filed and testimony taken during the pendency of the suit in the other jurisdiction."). See generally *Jontra Holdings PMay 11, 2026ty Ltd. v. Gas Sensing Tech. Corp.*, 2021 WY 17, ¶¶ 40–42 (479 P3d 1222) (Wyo. 2021), and cases cited therein describing majority rule of giving effect to federal pleadings on remand.

In sum, when the case was removed to district court, the state court proceedings were put on hold. *Allen*, 91 Ga. App. at 576-77(1). When the case was remanded to state court, Waddle still had time to answer and was not in default. And because Waddle's answer in the district court was not stricken and there had been no entry of default, the answer served as an answer in state court. For these reasons, the trial court erred in entering the default judgment.

*Judgment reversed. Watkins and Padgett, JJ., concur.*